Allison M. Scott (Bar No. 305989)
Allison.Scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone:(213) 337.6550
Facsimile: (213) 337.6551

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN KAMEIR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., BMW FINANCIAL SERVICES NA, LLC, and STERLING MOTORS, LTD. DBA STERLING BMW,<br><br>Defendants. | CASE NO.: 8:26-cv-00895-JWH-JDE<br><br>**JOINT STIPULATION REGARDING BMW FINANCIAL SERVICES NA, LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION**<br><br>Hearing Date: January 7, 2027 at 10:00 a.m.<br>Discovery Cutoff: Not set<br>Pretrial Conference: Not set<br>Trial Date: Not set[1] |

Pursuant to Local Rule 37-2, Defendant BMW Financial Services NA, LLC ("BMW FS") and Plaintiff Christian Kameir ("Plaintiff") submit this Joint Stipulation concerning BMW FS's request to stay discovery directed to BMW FS pending

[1] No scheduling order setting any of these dates has been entered. On September 29, 2026, the Court removed the Scheduling Conference from the calendar and stated: "[a] separate order will issue setting the deadlines and dates for this case." [Dkt. 92].

resolution of its Motion to Compel Arbitration and Stay Action [Dkt. 31] (the "Arbitration Motion").[2]

## I. ISSUE PRESENTED AND CONFERENCE

BMW FS seeks a stay of its written discovery obligations and its Rule 30(b)(6) deposition pending the Court's ruling on the Arbitration Motion. BMW FS does not seek to stay proceedings against the other defendants.

Pursuant to Local Rule 37-1, on November 2, 2026, BMW FS sent Plaintiff a letter requesting a conference regarding its forthcoming motion to stay all discovery directed to BMW FS (the "Motion to Stay") and explaining the basis for the proposed stay. *See Declaration of Allison M. Scott ("Scott Decl."), Ex. A*. In response, Plaintiff stated that if BMW FS served responses to Plaintiff's first set of requests for admission, interrogatories, and requests for production, and second set of requests for admission, then he would postpone the deposition until at least 30 days after the Court rules on the Arbitration Motion and would not serve new written discovery on BMW FS. *See Scott Decl., Ex. B.* Absent BMW FS's acceptance of these terms, Plaintiff indicated he would oppose the Motion to Stay. *Id.*

On November 6, 2026, BMW FS served its responses to Plaintiff's First Set of Requests for Admission[3] and its non-substantive responses to Plaintiff's First Set of Interrogatories and Requests for Production.[4] BMW FS seeks to defer the remaining

---

[2] The Declaration of Allison M. Scott is attached to this Joint Stipulation as Exhibit 1, and the Declaration of Christian Kameir is attached as Exhibit 2.

[3] BMW FS served the RFA responses to comply with the then-operative deadline while no discovery stay was in place. The responses expressly reserved BMW FS's right to compel arbitration and seek a discovery stay pending resolution of the Arbitration Motion. BMW FS served its responses to Plaintiff's Second Set of Requests for Admission on November 19, 2026 for the same reason, which included the same reservation of rights.

[4] BMW FS's non-substantive responses expressly maintained BMW FS's arbitration position and stated that BMW FS would not provide substantive responses or produce

substantive responses, production, and deposition.

On November 16, 2026, counsel for BMW FS and Plaintiff conferred via telephone regarding BMW FS's proposed discovery stay. *See Scott Decl.* ¶ *8*. Plaintiff confirmed that he opposed the requested stay unless BMW FS agreed to his proposal to postpone the corporate deposition and refrain from new written discovery while requiring responses and production for the pending sets. *Id.* The parties were unable resolve the dispute. *Id.*

## II. BMW FS'S POSITION

### A. Good Cause Supports a Temporary Stay

The Court may issue a protective order for good cause to prevent against undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1). District courts within the Ninth Circuit regularly find that a pending motion to compel arbitration constitutes such good cause. *See, e.g.*, *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases) (explaining courts regularly stay discovery pending resolution of a motion to compel arbitration); *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("If ATTM's pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court. And '[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators ....'"); *Miceli v. Citigroup, Inc*, No. 215CV01962GMNVCF, 2016 WL 1170994, at *2 (D. Nev. Mar. 22, 2016) ("It is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration"); *Andrus v. D.R. Horton, Inc.*, No. 2:12-CV-00098-ECR, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012) ("To require the parties to proceed with the action pending a ruling on the motion to compel

---

documents at that time in light of the pending Arbitration Motion and its intention to seek a discovery stay.

arbitration . . . would cause the party seeking to enforce the arbitration clause to be 'deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes.'"); *Huynh v. Allstate Northbrook Indem. Co.*, No. 1:24-CV-00157-KES-EPG, 2024 WL 2883228, at *3 (E.D. Cal. May 24, 2024) (staying all discovery pending resolution of the motion to compel arbitration).

The Arbitration Motion was filed on June 11, 2026 [Dkt. 31] and has been fully briefed since July 24, 2026 [Dkt. 54]. The Arbitration Motion seeks arbitration of Plaintiff's claims against BMW FS under the subject lease's arbitration provision. A temporary stay would conserve party and judicial resources by avoiding merits discovery that may ultimately be unnecessary in this forum or duplicative of discovery conducted in arbitration. It would permit the threshold forum question to be resolved before BMW FS incurs the expense of further written discovery and corporate witness preparation. Moreover, requiring BMW FS to proceed with discovery would undermine arbitration's intended efficiencies and risk depriving it of the "inexpensive and expeditious means" of dispute resolution it seeks to enforce. *See Andrus*, 2012 WL 1971326, at *3. These efficiency considerations support deferring discovery until the Court rules on the Arbitration Motion.

**B. Plaintiff's Proposal Does Not Resolve the Remaining Dispute**

Plaintiff's proposal does not resolve the central dispute: whether BMW FS must complete merits discovery before the Court decides the Arbitration Motion. Plaintiff's proposal would postpone the corporate deposition until after the Court's ruling on the Arbitration Motion and refrain from serving additional written discovery only if BMW FS completes the pending written responses and document production. That proposal requires BMW FS to incur the very written discovery and production costs it seeks to defer. Postponing the deposition and withholding new requests does not address those existing burdens. Nor does the asserted relevance of the information to claims against Experian and Sterling BMW justify requiring BMW FS to complete merits discovery before the Court determines whether Plaintiff's claims against it

belong in arbitration. BMW FS therefore does not agree to Plaintiff's proposal. BMW FS's proposed resolution is a stay of its remaining written discovery obligations, the noticed corporate deposition, and additional discovery directed to it until the Arbitration Motion is resolved.

## III. PLAINTIFF'S POSITION

BMW FS asks the Court to freeze all discovery directed to it for an open-ended period, on a record that contains no evidence of burden, while it relies in the Arbitration Motion on its own records about contract formation that it refuses to produce. The motion should be denied. If the Court grants any stay, it should carve out the small set of formation and damages records described in Part E.

### A. BMW FS Bears the Burden of Showing Specific Harm, and Its Declaration Shows None

The Federal Rules do not stay discovery because a potentially dispositive motion is pending. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). The party seeking a protective order under Rule 26(c) carries a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). It must show that specific prejudice or harm will result if no order issues. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

BMW FS offers no evidence of burden at all. The Scott Declaration recites the dates of letters, a conference, and service of responses (Scott Decl. ¶¶ 4–9). It does not state how many documents are at issue, where they reside, how many hours or dollars a response requires, or why preparing a corporate witness is unusually difficult. The only burden argument appears in counsel's brief, which is not evidence.

The records Plaintiff needs most are few and already identified by BMW FS

itself. BMW FS denies that no written, timestamped approval record exists, meaning it claims one exists (Kameir Decl. Ex. C, Resp. to Req. for Admis. Nos. 3–4). It admits it possesses the condition report and picture report from the September 4, 2025 repossession and the invoice behind the $5,030.37 "Body Repair(s)" charge (Ex. E, Resp. to Req. for Admis. No. 36). Producing a handful of identified records is not an undue burden.

### B. The Arbitration Motion Cannot Be Decided Without the Formation Records BMW FS Withholds

Courts deciding whether to stay discovery pending a dispositive motion ask two questions: first, whether the pending motion is potentially dispositive of the entire case or at least of the issue at which discovery is directed; second, whether the motion "can be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). If either part is not met, discovery proceeds. *Id.*

The second part fails here. The arbitration clause BMW FS invokes sits in a lease form whose Section 4.B makes the transaction subject to assignee approval within ten days and otherwise void; BMW FS admits the form contains that condition (Ex. C, Resp. No. 1). Plaintiff's opposition disputes that any agreement with BMW FS was formed and asks for a trial on that question [Dkt. 48]. The Federal Arbitration Act requires one: "If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Where formation is genuinely disputed, the court applies a summary-judgment standard and, if a material fact is disputed, holds a trial. *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

BMW FS's reply relies on the Kuck Declaration's statement that BMW FS approved the assignment and then assigned the lease to an affiliate called "FSVT," and argues that Plaintiff offered no contrary evidence [Dkt. 54; Dkt. 31-2 ¶ 9]. BMW FS's own discovery answers do not match that account. It says Plaintiff was notified

only of "the credit approval through Sterling BMW" (Ex. C, Resp. No. 6); it says the lease was assigned to BMW FS "immediately upon Sterling BMW's signature" (Resp. No. 7); and it has produced nothing but the lease itself (Resp. No. 5). The records that resolve these conflicts are exactly what Interrogatories 1–4 and 6 and Requests for Production 1, 2, 4, 5, and 6 seek: who approved the assignment, when, in which system, through which contracting platform, and what "FSVT" is (Ex. G). A stay lets BMW FS rely on its records in the Arbitration Motion while keeping them from Plaintiff. At a minimum, discovery on formation and assignment must proceed.

**C. A Stay Saves BMW FS Nothing**

BMW FS does not ask to stay the claims against Experian or Sterling, and those claims go forward. BMW FS is the source of the account information at the center of the case and holds the records about it. Sterling's counsel confirmed on November 19, 2026 that the contracting-platform records and the information on the vehicle's whereabouts are with BMW FS (Ex. J). If party discovery from BMW FS is stayed, Plaintiff must seek the same records from BMW FS by Rule 45 subpoena for use against the other defendants, which shifts the same work into a costlier procedure.

Nor is production wasted if the Court compels arbitration. Records produced now remain usable in any arbitration. BMW FS's concern that discovery here is "duplicative of discovery conducted in arbitration" cuts the other way: producing the records once avoids producing them twice.

**D. BMW FS's Five-Month Delay Undercuts Good Cause, and the Requested Stay Has No End Date**

BMW FS filed the Arbitration Motion on June 11, 2026 [Dkt. 31]; briefing closed July 24, 2026 [Dkt. 54]; and the Court took the motion under submission on August 4, 2026 [Dkt. 68]. Plaintiff served his interrogatories and document requests on September 14, 2026 (Ex. G); BMW FS joined the Rule 26(f) report [Dkt. 88]; and on October 8, 2026 BMW FS confirmed in writing response dates of November 6 and November 9, 2026 (Ex. F). It first raised a stay on November 2, 2026, as its responses

came due, and served its stipulation on November 19, 2026 with a hearing date of January 7, 2027. A party facing genuine burden does not wait five months to seek protection.

The stay BMW FS requests is not temporary in any practical sense. It runs until a ruling on a motion that has been under submission for more than three months, with no ruling date. Meanwhile, the vehicle has been sold, records held by the repossession agent and the auction house grow older, and discovery from Experian and Sterling proceeds while the records of the furnisher at the center of the case remain closed. BMW FS's authorities are from other districts, none is binding, and none holds that a pending arbitration motion requires a stay where formation is disputed and the movant withholds the formation records it relies on.

**E. Response to Section I and Alternative Relief**

Section I describes Plaintiff's November 2, 2026 proposal. BMW FS declined it on November 3, 2026 and again at the November 16, 2026 conference, and Plaintiff's written summary of that conference recorded the proposal as withdrawn (Exs. H, I). Under Judge Early's procedures, all meet-and-confer correspondence on this dispute is attached to the Kameir Declaration, including the correspondence BMW FS omitted (Exs. F, H, I).

If the Court grants any stay, Plaintiff asks that it be limited as follows: (1) within fourteen days, BMW FS serves complete answers to Interrogatories 1–4 and 6 and produces all documents responsive to Requests for Production 1, 2, 4, 5, and 6 (approval, assignment, transmission, funding, and "FSVT"), together with the September 4, 2025 condition report, the picture report, and every invoice or record supporting the $5,030.37 "Body Repair(s)" charge (from Requests 11 and 12); (2) the Rule 30(b)(6) deposition of BMW FS takes place no earlier than thirty days after the Court rules on the Arbitration Motion; and (3) any stay of remaining discovery ends automatically on that ruling.

## IV. REQUESTED DISPOSITION

BMW FS's Position: For the reasons set forth above, BMW FS respectfully requests a temporary stay of discovery directed to it pending the Court's ruling on the Arbitration Motion.

Plaintiff's Position: For the reasons set forth above, Plaintiff respectfully requests that the Court deny BMW FS's motion. In the alternative, Plaintiff requests the limited order described in Part III.E.

DATED: November 25, 2026

**HUSCH BLACKWELL LLP**

*/s/ Allison M. Scott*
Allison M. Scott

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

DATED: November 25, 2026

*/s/ Christian Kameir*
Christian Kameir

*Pro Se Plaintiff*

**PROOF OF SERVICE**

*Christian Kameir v. BMW Financial Services NA, LLC, et al.*
Central District Court Case No. 8:26-cv-00895-JWH-JDE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is 355 S. Grand Avenue, Suite 2850, Los Angeles, California 90071.

On November 25, 2026, I served a copy of the within document(s): **JOINT STIPULATION REGARDING BMW FINANCIAL SERVICES NA, LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION** as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY E-MAIL**: Christian Kameir, 826cv00895jwhjdex@kameir.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 25, 2026, at Los Angeles, California.

*/s/ Allison M. Scott*
ALLISON M. SCOTT