# EXHIBIT 1

Allison M. Scott (Bar No. 305989)
Allison.Scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone:(213) 337.6550
Facsimile: (213) 337.6551

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTIAN KAMEIR,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., BMW FINANCIAL SERVICES NA, LLC, and STERLING MOTORS, LTD. DBA STERLING BMW,

Defendants.

CASE NO.: 8:26-cv-00895-JWH-JDE

**DECLARATION OF ALLISON M. SCOTT IN SUPPORT OF DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S MOTION TO STAY DISCOVERY**

Hearing Date: January 7, 2027 at 10:00 a.m.
Discovery Cutoff: Not set
Pretrial Conference: Not set
Trial Date: Not set[1]

[1] No scheduling order setting any of these dates has been entered. On September 29, 2026, the Court removed the Scheduling Conference from the calendar and stated: "[a] separate order will issue setting the deadlines and dates for this case." [Dkt. 92].

I, Allison M. Scott, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the contents of this declaration, and if called as a witness, I would testify as to its accuracy.

2. I am an attorney licensed to practice law before the courts in the State of California. I am an attorney with Husch Blackwell LLP, counsel of record for Defendant BMW Financial Services NA, LLC ("BMW FS") in the above-captioned matter.

3. This declaration is submitted in support of BMW FS's motion to stay discovery directed to BMW FS pending resolution of its Motion to Compel Arbitration. [Dkt. 31]

4. On November 2, 2026, I sent Plaintiff a letter by email requesting a conference pursuant to Local Rule 37-1 concerning BMW FS's proposed discovery-stay motion. The letter identified the discovery and issue in dispute, explained BMW FS's position, and requested a conference. A true and correct copy of the letter is attached hereto as **Exhibit A**.

5. On November 2, 2026, Plaintiff emailed me in response, offering conference times and stating his position regarding BMW FS's contemplated motion. A true and correct copy of that email is attached hereto as **Exhibit B**.

6. To date, Plaintiff has served BMW FS with a First Set of Requests for Admission, First Set of Interrogatories, First Set of Requests for Production, Second Set of Requests for Admission, and Rule 30(b)(6) deposition notice.

7. On November 6, 2026, BMW FS served its responses to Plaintiff's First Set of Requests for Admission. On November 6, 2026, BMW FS also served non-substantive responses to Plaintiff's First Set of Interrogatories and Requests for Production.

8. On November 16, 2026, BMW FS's counsel conferred by telephone with Plaintiff about BMW FS's proposed stay motion. During the call, Plaintiff confirmed that he opposed the requested stay unless BMW FS agreed to his prior proposal to

postpone the corporate deposition and refrain from new written discovery while requiring responses and production for the pending sets. The parties were unable to resolve the dispute.

9. On November 19, 2026, BMW FS served its responses to Plaintiff Second Set of Requests for Admission.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on November 20, 2026, in Los Angeles, California.

**HUSCH BLACKWELL LLP**

*/s/ Allison M. Scott*
ALLISON M. SCOTT

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

# EXHIBIT A

HUSCH BLACKWELL

Allison M. Scott
Partner

355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Direct: 213.356.2946
Fax: 213.337.6551
allison.scott@huschblackwell.com

November 2, 2026

**Via Email**
Christian Kameir
89 Waldorf
Irvine, CA 92612

**Re:** **Kameir v. BMW Financial Services NA, LLC, et al.**
**Case No. 8:26-cv-00895-JWH-JDE**

Dear Mr. Kameir:

Pursuant to Local Rule 37-1, this letter requests a conference regarding Defendant BMW Financial Services NA, LLC's ("BMW FS") forthcoming motion to stay all discovery directed to BMW FS – including your written discovery requests and the Rule 30(b)(6) deposition notice already served on BMW FS, as well as any further discovery requests you may serve on BMW FS – pending resolution of BMW FS's Motion to Compel Arbitration (the "Motion") [Dkt. 31]. Since we are not located in the same county, this conference may take place telephonically under Local Rule 37-1.

**1. Issue in Dispute**

The issue in dispute is whether discovery directed to BMW FS – including Plaintiff's First Set of Requests for Admission, First Set of Interrogatories, First Set of Requests for Production, Second Set of Requests for Admission, and the Rule 30(b)(6) deposition notice served on BMW FS, as well as any further written discovery requests or deposition notices you may serve on BMW FS while the Motion remains pending – should proceed while BMW FS's Motion to Compel Arbitration and Stay Action [Dkt. 31] remains pending, or whether that discovery (and any such further discovery) should be stayed as to BMW FS pending the Court's ruling on the Motion.

**2. BMW FS's Position**

BMW FS's position is that discovery directed to BMW FS should be stayed pending resolution of the Motion to Compel Arbitration. BMW FS's Motion, filed on June 11, 2026 and fully briefed as of July 24, 2026, remains pending before the Court. BMW FS contends that requiring it to respond to written discovery and produce a witness for a deposition before the Court decides whether this action should proceed in arbitration would impose unnecessary expense and burden on BMW FS, risk discovery far broader than what would be permitted in arbitration, and risk losing the benefits of arbitration (e.g., speed and economy) that the Motion seeks to preserve.

HUSCH BLACKWELL



The Court has discretion to stay discovery for good cause, and district courts in the Ninth Circuit have repeatedly found that a pending motion to compel arbitration constitutes such good cause. *See, e.g.*, *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases) (explaining courts regularly stay discovery pending resolution of a motion to compel arbitration); *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("If ATTM's pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court. And '[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators ....'"); *Miceli v. Citigroup, Inc*, No. 215CV01962GMNVCF, 2016 WL 1170994, at *2 (D. Nev. Mar. 22, 2016) ("It is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration"); *Andrus v. D.R. Horton, Inc.*, No. 2:12-CV-00098-ECR, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012) ("To require the parties to proceed with the action pending a ruling on the motion to compel arbitration . . . would cause the party seeking to enforce the arbitration clause to be 'deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes.'"); *Huynh v. Allstate Northbrook Indem. Co.*, No. 1:24-CV-00157-KES-EPG, 2024 WL 2883228, at *3 (E.D. Cal. May 24, 2024) (staying all discovery pending resolution of the motion to compel arbitration).

**3. Relief Sought by BMW FS**

If the parties are unable to resolve this dispute, BMW FS intends to file a motion to stay all discovery directed to BMW FS – including Plaintiff's pending written discovery requests and the Rule 30(b)(6) deposition notice directed to BMW FS, as well as any further discovery requests or deposition notices you may serve on BMW FS – pending resolution of BMW FS's Motion to Compel Arbitration.

Please provide your availability for a telephonic conference over the next ten days, as required by Local Rule 37-1 so that we may confer in a good-faith effort to resolve this dispute or narrow the issues for the Court.

Sincerely,

*/s/ Allison M. Scott*

Allison M. Scott

# EXHIBIT B

**From:** Case Manager
**To:** Scott, Allison
**Cc:** Starner, Rebecca; Goldberg, Stacey
**Subject:** Re: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx)
**Date:** Monday, November 2, 2026 8:03:18 PM

[EXTERNAL EMAIL]

Ms. Scott,

Currently I am available for the Local Rule 37-1 call on 11/10 at 11:15 a.m. or 11/12 at 11:30 a.m.
Please confirm one, and I will call your direct line unless you send a dial-in.

To make the call short and useful, here is Plaintiff's position.

1. The agreed deadlines stand. On October 8, BMW FS asked for 21 more days to answer Set One, and I agreed on the condition that BMW FS serve its responses whether or not the Court had ruled on arbitration. BMW FS took the extension on that basis. The new dates are Friday, November 6 (requests for admission) and Monday, November 9 (interrogatories and document requests). BMW FS's Second Set of Requests for Admission, served October 20, is due November 19. The arbitration motion was fully briefed in July, before BMW FS asked for these dates. A planned motion does not change them.
2. A stay saves BMW FS little. Plaintiff's claims against Experian and Sterling go forward in this Court however the arbitration motion is decided. BMW FS's dispute responses, Experian's April 13, 2026 block notice to BMW FS, the account balance, and what happened to the vehicle are central to those claims. Plaintiff will obtain the same information in that part of the case.
3. A proposal to avoid motion practice for both sides and for Judge Early:
(a) Plaintiff moves the December 9 Rule 30(b)(6) deposition of BMW FS to a date at least 30 days after the Court rules on Docket 31;
(b) Plaintiff serves no new written discovery on BMW FS until that ruling; and
(c) BMW FS serves its responses to the pending sets on the agreed dates (November 6, November 9, and November 19), with Bates-numbered documents.

If BMW FS accepts the proposal in point 3 above in writing, there is nothing left to dispute, and we can skip the call.
This keeps BMW FS's cost to work it already agreed to do and takes the deposition off the table for now.

If BMW FS does not accept this, Plaintiff will oppose the motion. Please send any joint stipulation by email.

Best regards,
Christian Kameir

On Mon, Nov 2, 2026 at 11:13 AM Scott, Allison <Allison.Scott@huschblackwell.com> wrote:

> Dear Mr. Kameir,
>
> Attached is a copy of BMW's meet and confer letter regarding its intent to file a motion to stay discovery pending the Court's resolution of the motion to compel arbitration.
>
> Please let us know your availability to meet and confer before we proceed with filing the motion.
>
> Sincerely,
>
> Allison
>
> **Allison Scott**
> *(she/her/hers)*
> **Partner**
>
> **HUSCH BLACKWELL**
> 355 South Grand Avenue
> Suite 2850
> Los Angeles, CA 90071-3100
> Direct: 213-356-2946
> Fax: 213-337-6551
> Allison.Scott@huschblackwell.com
> huschblackwell.com
>
> **Financial Services & Capital Markets**

**Labor & Employment**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service. Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon solutions to our clients' most complex challenges.**

# EXHIBIT 2

CHRISTIAN KAMEIR
89 Waldorf
Irvine, CA 92612
Telephone: (949) 391-0271
Email: 826cv00895jwhjdex@kameir.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION**

| | |
|---|---|
| CHRISTIAN KAMEIR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; BMW FINANCIAL SERVICES NA, LLC; and STERLING MOTORS, LTD. d/b/a STERLING BMW,<br><br>Defendants. | Case No. 8:26-cv-00895-JWH (JDEx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF CHRISTIAN KAMEIR IN SUPPORT OF PLAINTIFF'S POSITION IN JOINT STIPULATION REGARDING DEFENDANT BMW FINANCIAL SERVICES NA, LLC'S MOTION TO STAY DISCOVERY [L.R. 37-2]**<br><br>Mag. Judge: Hon. John D. Early<br>Hearing: Thursday, January 7, 2027, 10:00 a.m.<br>Courtroom: 6A<br>Discovery cut-off: None set<br>Pretrial conference: None set<br>Trial: None set<br>(No scheduling order has issued. See Dkt. 92.) |

## DECLARATION OF CHRISTIAN KAMEIR

I, Christian Kameir, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated here and, if called as a witness, I can testify to them. I submit this declaration in support of Plaintiff's position in the Joint Stipulation regarding Defendant BMW Financial Services NA, LLC's ("BMW FS") Motion to Stay Discovery, under Local Rule 37-2.1 and Magistrate Judge Early's procedures, which require the parties to include all meet-and-confer correspondence regarding the dispute.

2. On September 14, 2026, I served by first-class mail on counsel for BMW FS Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production. Exhibit G is a true and correct copy of both sets.

3. On October 8, 2026, counsel for BMW FS asked by email for twenty-one more days to respond. I agreed by email the same day. Counsel for BMW FS confirmed the new dates in writing: November 6, 2026 for the requests for admission and November 9, 2026 for the interrogatories and document requests. In the same exchange, counsel for BMW FS consented to service by email. Exhibit F is a true and correct copy of that correspondence.

4. On November 2, 2026, at 11:13 a.m., counsel for BMW FS sent the meet-and-confer letter attached as Exhibit A to the Declaration of Allison M. Scott. I replied at 5:02 p.m. with Plaintiff's position and a proposal to avoid motion practice (Scott Decl. Ex. B). On November 3, 2026, counsel for BMW FS declined part of the proposal and set a telephone conference for November 12, 2026, at 11:30 a.m. I missed that call and did not give notice. On November 13, 2026, I acknowledged the error in writing, and counsel for BMW FS placed BMW FS's motion first on the agenda for the November 16, 2026 conference. Exhibit H is a true and correct copy of the November 2–3 and November 12–13 correspondence.

5. On November 6, 2026, counsel for BMW FS served by email BMW FS's responses and objections to Plaintiff's First Set of Requests for Admission, a true and correct copy of which is Exhibit C, and BMW FS's responses and objections to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, true and correct copies of which are Exhibit D. In each interrogatory answer and each document response, BMW FS states that it will not provide a substantive response or produce documents.

6. On November 16, 2026, beginning at 1:00 p.m., I conferred by Microsoft Teams with Rebecca Starner and Allison M. Scott of Husch Blackwell

LLP, counsel for BMW FS. We discussed BMW FS's motion to stay first. Counsel for BMW FS stated that BMW FS seeks a stay of all discovery directed to it pending the ruling on its Motion to Compel Arbitration [Dkt. 31], including the written discovery and the corporate deposition noticed for December 9, 2026. I stated that Plaintiff opposes the stay. BMW FS again declined Plaintiff's November 2 proposal.

7. On November 16, 2026, I emailed counsel for all parties a written summary of the conference and asked counsel to tell me in writing by November 18, 2026 if anything differed from their understanding. The summary records Plaintiff's November 2 proposal as withdrawn. On November 18, 2026, counsel for BMW FS replied that she planned to respond the next day, and on November 19, 2026 she responded point by point. Exhibit I is a true and correct copy of that exchange, which quotes the summary in full.

8. On November 19, 2026, at approximately 9:00 p.m., counsel for BMW FS served by email BMW FS's responses and objections to Plaintiff's Second Set of Requests for Admission. Exhibit E is a true and correct copy. In its response to Request No. 36, BMW FS admits that it possesses a condition report and a picture report regarding the September 4, 2025 repossession of the vehicle, and an invoice for the costs comprising the $5,030.37 "Body Repair(s)" charge shown on its auction sale breakdown letter.

9. On November 19, 2026, at 9:24 p.m., counsel for BMW FS emailed me BMW FS's portion of this Joint Stipulation and the Declaration of Allison M. Scott.

10. On November 19, 2026, at 11:12 a.m., counsel for Sterling Motors, Ltd. emailed me in response to Plaintiff's Local Rule 37-1 letter to Sterling. Among other things, the email states that the contracting platform is in the possession of BMW Financial Services, and that information about where the vehicle was taken after it left Sterling's premises is also in the possession of BMW Financial Services. Exhibit J is a true and correct copy of that email.

11. As of the date of this declaration, BMW FS has not answered any interrogatory or produced any document in this action, other than the lease attached to the Declaration of Aaron Kuck [Dkt. 31-2].

12. BMW FS filed its Motion to Compel Arbitration on June 11, 2026 [Dkt. 31]. Briefing closed on July 24, 2026 [Dkt. 54], and the Court took the motion under submission on August 4, 2026 [Dkt. 68]. As of the date of this declaration, I have received no notice that the Court has ruled on that motion, and I have received no order staying discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 20, 2026, at Irvine, California.

/s/ Christian Kameir

Christian Kameir

# EXHIBIT C

BMW FS responses to Requests for Admission, Set One (Nov. 6, 2026)

Allison M. Scott (Bar No. 305989)
Allison.Scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone:(213) 337.6550
Facsimile: (213) 337.6551

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN KAMEIR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., BMW FINANCIAL SERVICES NA, LLC, and STERLING MOTORS, LTD. DBA STERLING BMW,<br><br>Defendants. | CASE NO.: 8:26-cv-00895-JWH-JDE<br><br>**DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** |

Defendant BMW Financial Services NA, LLC ("BMW FS"), by and through its attorneys, Husch Blackwell LLP, provides the following objections and responses to Plaintiff Christian Kameir's ("Plaintiff") First Set of Requests for Admission ("Requests") pursuant to Federal Rule of Civil Procedure 36.

BMW FS's Motion to Compel Arbitration [Dkt. 31] remains pending. BMW FS serves these responses without waiving, and expressly reserving, its right to compel arbitration and its right to seek a stay of discovery pending resolution of its Motion to Compel Arbitration.

## GENERAL OBJECTIONS

1. BMW FS's Motion to Compel Arbitration [Dkt. 31] (the "Motion") remains pending before the Court. BMW FS objects to the Requests on the ground that Plaintiff's claims against BMW FS are subject to a binding arbitration agreement, and this action should proceed in arbitration rather than before this Court. BMW FS intends to seek, and has not waived its right to seek, an order staying all discovery as to BMW FS, including these Requests, pending resolution of the Motion. BMW FS expressly reserves, and does not waive, its right to compel arbitration and its right to seek such a stay. Nothing in these responses shall be construed as a waiver of BMW FS's right to arbitrate or to seek a stay of discovery.

2. BMW FS objects to these Requests to the extent that they seek information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege, or constitute materials prepared in anticipation of litigation.

3. BMW FS objects to these Requests to the extent that they seek to impose obligations on BMW FS which are greater than or inconsistent with the obligations imposed by the Federal or Local Rules of Civil Procedure.

4. BMW FS objects to these Requests to the extent that they seek information (a) the production of which is unduly burdensome; (b) beyond reasonable or appropriate time periods or limitations; and (c) which are neither relevant nor

reasonably calculated to lead to the discovery of relevant evidence necessary for the prosecution or defense of the action.

5. BMW FS objects to these Requests to the extent that they are vague or ambiguous, or would unreasonably require BMW FS to speculate on the nature and/or scope of the information sought.

6. BMW FS objects to these Requests to the extent that they assume incorrect premises or inaccurately describe facts or call for legal conclusions.

7. These General Objections are hereby incorporated in the responses to each and every Request. No response to any Request shall be deemed a waiver of any of the General Objections.

8. All responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving, all of these General Objections.

9. To the extent BMW FS produces information in response to a particular Request, such response shall not constitute a waiver of objections relating to competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

10. To the extent BMW FS produces information in response to a particular Request, such response shall not constitute a waiver of BMW FS's right to object on any ground, at any time, to a demand for further responses to these or any other

Requests or other discovery procedures involving or relating to the subject matter of these Requests.

11. BMW FS reserves the right to supplement or amend these responses as discovery and its investigation proceed.

Subject to and without waiving the foregoing General Objections, BMW FS responds to Plaintiff's Requests as follows:

## REQUESTS FOR ADMISSION

1. Admit that the LEASE contains the following provision: "THIS LEASE IS SUBJECT TO ASSIGNEE APPROVAL WITHIN TEN DAYS OF EXECUTION. OTHERWISE, THIS LEASE SHALL BE VOID, AND LESSEE SHALL RETURN THE VEHICLE ON DEMAND."

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS admits that Page 1 of the Lease Agreement contains the quoted text, which speaks for itself.**

2. Admit that the LEASE was executed on March 8, 2025.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS admits that the Lease Agreement reflects that it was entered into on March 8, 2025.**

3. Admit that no written record of YOUR approval of the assignment of the

LEASE created within ten days of execution of the LEASE exists.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied.**

4. Admit that no timestamped record of YOUR approval of the assignment of the LEASE exists.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied.**

5. Admit that YOU have not produced to Plaintiff any written, timestamped record of assignee approval created within ten days of execution of the LEASE.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, other than the Lease Agreement itself, filed as Exhibit A to the Declaration of Aaron Kuck [Dkt. 31-2] in support of BMW FS's Motion to Compel Arbitration, BMW FS admits that it has not produced any documents to Plaintiff in this action to date.**

6. Admit that YOU did not communicate approval of the assignment of the LEASE to Plaintiff within ten days of its execution.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel**

**Arbitration. Subject to and without waiving the foregoing, denied as stated. BMW FS was not required to communicate approval of the assignment directly to Plaintiff within ten days of execution. Notwithstanding, Plaintiff was notified of the credit approval through Sterling BMW.**

7. Admit that the Declaration of Aaron Kuck [ECF No. 31-2] does not attach a written record of assignee approval.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied. The Lease Agreement was attached to the Declaration of Aaron Kuck as Exhibit A, and reflects that the Lease Agreement was assigned to BMW FS immediately upon Sterling BMW's signature.**

8. Admit that the VEHICLE was returned to STERLING on April 20, 2025.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.**

9. Admit that the April 20, 2025 return of the VEHICLE was arranged through BMW Roadside Assistance.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.**

10. Admit that Agero, Inc. dispatched the April 20, 2025 transport of the VEHICLE.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.**

11. Admit that YOU did not conduct a self-help repossession of the VEHICLE.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied.**

12. Admit that no PERSON acting on YOUR behalf took possession of the VEHICLE over Plaintiff's objection.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel**

**Arbitration. BMW FS further objects that this Request calls for information regarding the conduct of a third-party repossession agent. Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.**

13. Admit that the VEHICLE remained on STERLING's premises from April 20, 2025 until on or about September 4, 2025.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS admits only that the Vehicle was repossessed by a repossession agent of BMW FS on September 4, 2025 from Sterling BMW's premises. BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the remainder of this Request.**

14. Admit that the VEHICLE was retrieved from STERLING's premises on or about September 4, 2025 by YOU or by a PERSON acting on YOUR behalf.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS admits that the Vehicle was repossessed by a repossession agent of BMW FS on September 4, 2025 from Sterling BMW's premises.**

15. Admit that the $525.00 "Repossession Fee" stated in YOUR Auction Breakdown letter dated February 24, 2026 relates to the retrieval of the VEHICLE from STERLING's premises.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS admits that the $525.00 repossession fee relates to the physical retrieval of the subject vehicle from Sterling BMW's premises via BMW FS's repossession agent.**

16. Admit that YOU have no invoice, estimate, or repair order supporting the $5,030.37 "Body Repair(s)" charge stated in YOUR Auction Breakdown letter dated February 24, 2026.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied.**

17. Admit that STERLING's Multi-Point Inspection of the VEHICLE prepared at the time of its return on April 20, 2025 recorded no body damage.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.**

18. Admit that YOU furnished information to Experian Information Solutions, Inc. describing the ACCOUNT as a repossession.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects to this Request's use of the phrase "describing the ACCOUNT as a repossession" as vague and ambiguous. BMW FS further objects to this Request to the extent it is not limited to any applicable timeframe. BMW FS cannot admit or deny this Request as worded because it is unclear what reporting period Plaintiff is referring to.**

19. Admit that YOU furnished information to one or more CONSUMER REPORTING AGENCIES describing the ACCOUNT as an involuntary repossession.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects to this Request's use of the phrase "describing the ACCOUNT as an involuntary repossession" as vague and ambiguous. BMW FS further objects to this Request to the extent it is not limited to any applicable timeframe. BMW FS cannot admit or deny this Request as worded because it is unclear what reporting period Plaintiff is referring to.**

20. Admit that YOU received at least one ACDV concerning Plaintiff's dispute of the ACCOUNT.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS admits that it received one ACDV from TransUnion on or about April 10, 2026.**

21. Admit that, in response to each ACDV concerning the ACCOUNT, YOU verified the information YOU had previously furnished.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects to this Request to the extent it presupposes that BMW FS received multiple ACDVs. Subject to and without waiving the foregoing, BMW FS admits that in response to the single ACDV it received from TransUnion on or about April 10, 2026, which indicated Plaintiff contended the subject BMW FS account was the product of identity theft, it conducted an investigation and verified that the account belonged to Plaintiff.**

22. Admit that no PERSON acting on YOUR behalf reviewed SECTION 4.B of the LEASE in responding to any ACDV concerning the ACCOUNT.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects to this Request to the extent it presupposes that BMW FS received multiple ACDVs. Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows**

**or can readily obtain is insufficient to enable it to admit or deny this Request.**

23. Admit that TransUnion deleted the tradeline concerning the ACCOUNT on or about April 24, 2026.

**__RESPONSE__: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that this Request calls for information regarding the conduct or actions of a third-party (TransUnion). Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.**

24. Admit that, after TransUnion's deletion of the tradeline, YOU continued to furnish information concerning the ACCOUNT to Experian Information Solutions, Inc. and Equifax Information Services LLC.

**__RESPONSE__: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that this Request assumes that TransUnion deleted the tradeline concerning the Account. Subject to and without waiving the foregoing, BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny whether or when TransUnion deleted the tradeline concerning the Account. BMW FS admits only that it previously furnished information concerning the**

**Account to Experian and Equifax, but ceased furnishing information to Experian and Equifax following receipt of a block notification from Experian on or about April 14, 2026.**

25. Admit that, after July 27, 2026, YOU instructed Experian Information Solutions, Inc. to delete or suppress the tradeline concerning the ACCOUNT.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied. Answering further, BMW FS ceased furnishing information concerning the Account to Experian after a block notification was received from Experian on or about April 14, 2026.**

26. Admit that YOU have not instructed Equifax Information Services LLC to delete the tradeline concerning the ACCOUNT.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, admitted. Answering further, BMW FS ceased furnishing information concerning the Account to Equifax after a block notification was received from Experian on or about April 14, 2026.**

27. Admit that the condition stated in SECTION 4.B was not satisfied within ten days of execution of the LEASE.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied.**

DATED: November 6, 2026 **HUSCH BLACKWELL LLP**

*/s/ Allison M. Scott*
ALLISON M. SCOTT

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

# PROOF OF SERVICE

*Christian Kameir v. BMW Financial Services NA, LLC, et al.*
Central District Court Case No. 8:26-cv-00895-JWH-JDE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is 355 S. Grand Avenue, Suite 2850, Los Angeles, California 90071.

On November 6, 2026, I served a copy of the within document(s): **DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION** as follows:

**BY E-MAIL**: Christian Kameir, 826cv00895jwhjdex@kameir.com; Nicole King, nnking@venable.com; Gabriela Gutierrez-Bravo, GGutierrez-Bravo@Venable.com; Adrian Alba, aalba@tysonmendes.com; Mitchell Malachowski, mmalachowski@tysonmendes.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 6, 2026, at Los Angeles, California.

*/s/ Allison M. Scott*
ALLISON M. SCOTT

# EXHIBIT D

BMW FS responses to Interrogatories and Requests for Production, Set One (Nov. 6, 2026)

Allison M. Scott (Bar No. 305989)
Allison.Scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone:(213) 337.6550
Facsimile: (213) 337.6551

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN KAMEIR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., BMW FINANCIAL SERVICES NA, LLC, and STERLING MOTORS, LTD. DBA STERLING BMW,<br><br>Defendants. | CASE NO.: 8:26-cv-00895-JWH-JDE<br><br>**DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Defendant BMW Financial Services NA, LLC ("BMW FS"), by and through its attorneys, Husch Blackwell LLP, provides the following objections and responses to Plaintiff Christian Kameir's ("Plaintiff") First Set of Requests of Interrogatories ("Interrogatories") pursuant to Federal Rule of Civil Procedure 33.

BMW FS's Motion to Compel Arbitration [Dkt. 31] remains pending. BMW FS serves these responses without waiving, and expressly reserving, its right to compel arbitration and its right to seek a stay of discovery pending resolution of its Motion to Compel Arbitration.

## GENERAL OBJECTIONS

1. BMW FS's Motion to Compel Arbitration [Dkt. 31] (the "Motion") remains pending before the Court. BMW FS objects to the Interrogatories on the ground that Plaintiff's claims against BMW FS are subject to a binding arbitration agreement, and this action should proceed in arbitration rather than before this Court. BMW FS intends to seek, and has not waived its right to seek, an order staying all discovery as to BMW FS, including these Interrogatories, pending resolution of the Motion. BMW FS expressly reserves, and does not waive, its right to compel arbitration and its right to seek such a stay. Nothing in these responses shall be construed as a waiver of BMW FS's right to arbitrate or to seek a stay of discovery.

2. BMW FS objects to these Interrogatories to the extent that they seek information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege, or constitute materials prepared in anticipation of litigation.

3. BMW FS objects to these Interrogatories to the extent that they seek information or documents that: (a) are not in BMW FS's possession, custody, or control; (b) are in Plaintiff's possession, custody, or control; or (c) would require BMW FS to research, investigate, or acquire information where Plaintiff could do the same as readily and as easily as BMW FS.

4. BMW FS objects to these Interrogatories to the extent that they seek to impose obligations on BMW FS which are greater than or inconsistent with the obligations imposed by the Federal or Local Rules of Civil Procedure.

5. BMW FS objects to these Interrogatories to the extent that they seek information or documents (a) the production of which is unduly burdensome; (b) beyond reasonable or appropriate time periods or limitations; and (c) which are neither relevant nor reasonably calculated to lead to the discovery of relevant evidence necessary for the prosecution or defense of the action.

6. BMW FS objects to these Interrogatories to the extent that they are vague or ambiguous or would unreasonably require BMW FS to speculate on the nature and/or scope of the documents and information sought.

7. BMW FS objects to these Interrogatories to the extent that they seek information or documents that contain confidential or proprietary information or trade secrets, or to the extent they would require BMW FS to produce confidential or proprietary information or documents of third parties.

8. BMW FS objects to these Interrogatories to the extent that they assume incorrect premises or inaccurately describe facts or call for legal conclusions. To the extent that BMW FS produces information or documents in response to these Interrogatories, such production shall not be taken to indicate that BMW FS accepts or agrees with Plaintiff's assumptions or descriptions.

9. BMW FS objects to these Interrogatories to the extent that they seek the production of information or documents from entities other than BMW FS on the ground that such Interrogatories are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that any Request seeks the production of such information or documents, BMW FS will respond only with respect to itself.

10. These General Objections are hereby incorporated in the responses to each and every Interrogatories. No response to any Interrogatory shall be deemed a waiver of any of the General Objections.

11. All responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving, all of these General Objections.

12. To the extent BMW FS produces documents or information in response to a particular Interrogatory, such response shall not constitute a waiver of objections relating to competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

13. To the extent BMW FS produces documents or information in response to a particular Interrogatory, such response shall not constitute a waiver of BMW FS's right to object on any ground, at any time, to a demand for further responses to these or any other Interrogatories or other discovery procedures involving or relating to the subject matter of these Interrogatories.

14. BMW FS reserves the right to supplement or amend these responses as discovery and its investigation proceed.

Subject to and without waiving the foregoing General Objections, BMW FS responds to Plaintiff's Interrogatories as follows:

## INTERROGATORIES

1. IDENTIFY each PERSON who participated in any review, approval, or recording of the assignment of the LEASE to YOU, and state the role of each such PERSON.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

2. State the date and time at which YOU contend YOU approved the assignment of the LEASE, and IDENTIFY every DOCUMENT recording that approval, including the system of record in which each record resides and the timestamp of each record.

**RESPONSE: BMW FS incorporates by reference its General Objections,**

**including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

3. Describe the complete path by which the executed LEASE traveled from STERLING to YOU, including the electronic contracting platform used, each date and time of transmission and receipt, and the medium used.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

4. IDENTIFY the entity referred to as "FSVT" in the Declaration of Aaron Kuck [ECF No. 31-2], and describe the assignment of the LEASE to that entity, including its date, the consideration exchanged, and every DOCUMENT recording it.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

5. Describe every policy and procedure in effect in March 2025 governing YOUR approval of lease assignments subject to an assignee-approval condition, including how and where approval is recorded and the time within which approval must occur.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

6. If YOU contend that the condition stated in SECTION 4.B was satisfied,

state all facts supporting that contention.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

7. State each date on which YOU furnished information concerning the ACCOUNT to any CONSUMER REPORTING AGENCY, and for each date, state the substance of the information furnished, including any repossession code, remark, or comment.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

8. IDENTIFY each PERSON who made, approved, or reviewed the decision to describe the ACCOUNT to any CONSUMER REPORTING AGENCY as a repossession, and state all facts on which that description was based.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

9. Describe YOUR involvement in the April 20, 2025 return of the VEHICLE and in its retrieval from STERLING'S premises on or about September 4, 2025, including each instruction given to Agero, Inc., STERLING, or any transport or recovery vendor, the PERSON who gave each instruction, and the disposition of the VEHICLE after its retrieval.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a**

**substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

10. IDENTIFY each ACDV or other dispute notice YOU received from any CONSUMER REPORTING AGENCY concerning the ACCOUNT, and for each: state the date received, IDENTIFY each PERSON who handled it, describe each step taken to investigate it, IDENTIFY each DOCUMENT reviewed in the investigation, state the time spent on the investigation, and state the result reported to the CONSUMER REPORTING AGENCY.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

11. State whether any PERSON reviewed the LEASE, including SECTION 4.B, in the course of responding to any dispute concerning the ACCOUNT; if so, IDENTIFY each such PERSON and each DOCUMENT reviewed; if not, state why not.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

12. State each amount YOU contend is or was owed under the LEASE, including the asserted deficiency of $22,725.39 and the disputed charges of $5,706.01, and describe how each amount was calculated, including the source and basis of the $5,030.37 "Body Repair(s)" charge and the $525.00 "Repossession Fee."

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

13. IDENTIFY all COMMUNICATIONS between YOU and (a)

STERLING or (b) Agero, Inc. or any towing, transport, or recovery vendor, concerning the LEASE, the VEHICLE, Plaintiff, or the ACCOUNT.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

14. State every fact known to YOU concerning TransUnion's April 24, 2026 deletion of the tradeline concerning the ACCOUNT, and describe every change YOU made to YOUR furnishing to any CONSUMER REPORTING AGENCY after that deletion, including any instruction to Experian Information Solutions, Inc. to delete or suppress the tradeline, the date of each such instruction, and the PERSON who authorized it.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a**

**substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

15. IDENTIFY each insurance policy that does or may afford coverage for the claims asserted in this action, including the insurer, policy number, and limits of coverage, and state whether YOU have tendered the claims asserted in this action to any insurer.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

16. IDENTIFY each PERSON who supplied information for, or participated in preparing, YOUR responses to these interrogatories.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of**

**discovery pending resolution of that Motion, BMW FS will not provide a substantive response to this Interrogatory at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

DATED: November 6, 2026 **HUSCH BLACKWELL LLP**

*/s/ Allison M. Scott*
ALLISON M. SCOTT

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

# PROOF OF SERVICE

*Christian Kameir v. BMW Financial Services NA, LLC, et al.*
Central District Court Case No. 8:26-cv-00895-JWH-JDE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is 355 S. Grand Avenue, Suite 2850, Los Angeles, California 90071.

On November 6, 2026, I served a copy of the within document(s): **DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** as follows:

**BY E-MAIL**: Christian Kameir, 826cv00895jwhjdex@kameir.com; Nicole King, nnking@venable.com; Gabriela Gutierrez-Bravo, GGutierrez-Bravo@Venable.com; Adrian Alba, aalba@tysonmendes.com; Mitchell Malachowski, mmalachowski@tysonmendes.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 6, 2026, at Los Angeles, California.

*/s/ Allison M. Scott*
ALLISON M. SCOTT

Allison M. Scott (Bar No. 305989)
Allison.Scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone:(213) 337.6550
Facsimile: (213) 337.6551

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN KAMEIR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., BMW FINANCIAL SERVICES NA, LLC, and STERLING MOTORS, LTD. DBA STERLING BMW,<br><br>Defendants. | CASE NO.: 8:26-cv-00895-JWH-JDE<br><br>**DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** |

Defendant BMW Financial Services NA, LLC ("BMW FS"), by and through its attorneys, Husch Blackwell LLP, provides the following objections and responses to Plaintiff Christian Kameir's ("Plaintiff") First Set of Requests for Production ("Requests") pursuant to Federal Rule of Civil Procedure 34.

BMW FS's Motion to Compel Arbitration [Dkt. 31] remains pending. BMW FS serves these responses without waiving, and expressly reserving, its right to compel arbitration and its right to seek a stay of discovery pending resolution of its Motion to Compel Arbitration.

## GENERAL OBJECTIONS

1. BMW FS's Motion to Compel Arbitration [Dkt. 31] (the "Motion") remains pending before the Court. BMW FS objects to the Requests on the ground that Plaintiff's claims against BMW FS are subject to a binding arbitration agreement, and this action should proceed in arbitration rather than before this Court. BMW FS intends to seek, and has not waived its right to seek, an order staying all discovery as to BMW FS, including these Requests, pending resolution of the Motion. BMW FS expressly reserves, and does not waive, its right to compel arbitration and its right to seek such a stay. Nothing in these responses shall be construed as a waiver of BMW FS's right to arbitrate or to seek a stay of discovery.

2. BMW FS objects to these Requests to the extent that they seek information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege, or constitute materials prepared in anticipation of litigation.

3. BMW FS objects to these Requests to the extent that they seek information or documents that: (a) are not in BMW FS's possession, custody, or control; (b) are in Plaintiff's possession, custody, or control; or (c) would require BMW FS to research, investigate, or acquire information where Plaintiff could do the same as readily and as easily as BMW FS.

4. BMW FS objects to these Requests to the extent that they seek to impose obligations on BMW FS which are greater than or inconsistent with the obligations imposed by the Federal or Local Rules of Civil Procedure.

5. BMW FS objects to these Requests to the extent that they seek information or documents (a) the production of which is unduly burdensome; (b) beyond reasonable or appropriate time periods or limitations; and (c) which are neither relevant nor reasonably calculated to lead to the discovery of relevant evidence necessary for the prosecution or defense of the action.

6. BMW FS objects to these Requests to the extent that they are vague or ambiguous or would unreasonably require BMW FS to speculate on the nature and/or scope of the documents and information sought.

7. BMW FS objects to these Requests to the extent that they seek information or documents that contain confidential or proprietary information or trade secrets, or to the extent they would require BMW FS to produce confidential or proprietary information or documents of third parties.

8. BMW FS objects to these Requests to the extent that they assume incorrect premises or inaccurately describe facts or call for legal conclusions. To the extent that BMW FS produces information or documents in response to these Requests, such production shall not be taken to indicate that BMW FS accepts or agrees with Plaintiff's assumptions or descriptions.

9. BMW FS objects to these Requests to the extent that they seek the production of information or documents from entities other than BMW FS on the ground that such Requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that any Request seeks the production of such information or documents, BMW FS will respond only with respect to itself.

10. These General Objections are hereby incorporated in the responses to each and every Request. No response to any Request shall be deemed a waiver of any of the General Objections.

11. All responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving, all of these General Objections.

12. To the extent BMW FS produces documents or information in response to a particular Request, such response shall not constitute a waiver of objections relating to competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

13. To the extent BMW FS produces documents or information in response to a particular Request, such response shall not constitute a waiver of BMW FS's right to object on any ground, at any time, to a demand for further responses to these or any other Requests or other discovery procedures involving or relating to the subject matter of these Requests.

14. BMW FS reserves the right to supplement or amend these responses as discovery and its investigation proceed.

Subject to and without waiving the foregoing General Objections, BMW FS responds to Plaintiff's Requests as follows:

## <u>DOCUMENTS REQUESTED</u>

1. All DOCUMENTS recording YOUR approval of the assignment of the LEASE, including any credit decision, funding approval, or booking record, with all timestamps and system metadata.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

2. All system audit logs, workflow histories, and status-change records for the LEASE and the ACCOUNT in each system of record in which they reside, in native format.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel**

**Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

3. The complete deal file for the LEASE as received from STERLING, including every version of the LEASE, the credit application, the odometer statement, the delivery report, any trade-in or turn-in documentation, and any electronic signature or thumbprint record.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

4. All DOCUMENTS concerning the transmission of the LEASE from STERLING to YOU, including electronic contracting platform records and the audit trail for the executed LEASE.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

5. All DOCUMENTS concerning the funding of the LEASE, including the date and amount of any payment to STERLING.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

6. All DOCUMENTS concerning the assignment of the LEASE to the entity referred to as "FSVT" in the Declaration of Aaron Kuck [ECF No. 31-2].

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections,**

**including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

7. YOUR policies, procedures, and training materials in effect from January 1, 2025 through the present governing assignee approval of consumer leases originated by dealers, including the time within which approval must occur and how approval is recorded.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

8. All COMMUNICATIONS between YOU and STERLING concerning Plaintiff, Yanna Esterleyn, the LEASE, the X5, the VEHICLE, or the ACCOUNT.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

9. All COMMUNICATIONS between YOU and Plaintiff or Yanna Esterleyn, including call recordings, call notes, and account notes.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

10. All DOCUMENTS concerning the April 20, 2025 return of the VEHICLE, including all COMMUNICATIONS with BMW Roadside Assistance, Agero, Inc., and any transport vendor, and all dispatch, tow, and delivery records.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

11. All DOCUMENTS concerning the custody, storage, condition, and location of the VEHICLE from April 20, 2025 through its sale or other disposition, including the retrieval of the VEHICLE from STERLING'S premises on or about September 4, 2025 and any repossession assignment, recovery order, or condition report.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

12. All DOCUMENTS supporting each charge stated in YOUR Auction Breakdown letter dated February 24, 2026, including every invoice, estimate, repair order, photograph, condition report, and auction record supporting the $5,030.37 "Body Repair(s)" charge and the $525.00 "Repossession Fee."

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

13. All DOCUMENTS concerning the sale or other disposition of the VEHICLE, including auction records, sale price, and the calculation of the deficiency balance of $22,725.39.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW**

**FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

14. All data YOU furnished to any CONSUMER REPORTING AGENCY concerning the ACCOUNT during the RELEVANT PERIOD, including Metro 2 records, in native format, together with any DOCUMENTS showing the date and content of each furnishing.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

15. All ACDVs, automated universal dataforms, direct disputes, and other dispute notices YOU received concerning the ACCOUNT, together with YOUR responses and all DOCUMENTS reviewed or generated in responding to each.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of**

**discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

16. All internal notes, memoranda, and COMMUNICATIONS concerning Plaintiffs disputes of the ACCOUNT, including Plaintiffs written rescission, the FTC Identity Theft Report, and the records of the VEHICLE'S voluntary return.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

17. YOUR policies, procedures, and training materials in effect from January 1, 2025 through the present governing the investigation of disputes received from CONSUMER REPORTING AGENCIES under 15 U.S.C. § 1681 s-2(b) and direct disputes from consumers.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel**

**Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

18. All DOCUMENTS concerning TransUnion's deletion of the tradeline concerning the ACCOUNT on or about April 24, 2026.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

19. All DOCUMENTS concerning any instruction, request, or decision to delete, suppress, or modify the tradeline concerning the ACCOUNT at Experian Information Solutions, Inc., Equifax Information Services LLC, or TransUnion LLC after July 27, 2026.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections,**

**including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

20. All COMMUNICATIONS between YOU and any CONSUMER REPORTING AGENCY concerning Plaintiff or the ACCOUNT, other than ACDVs produced in response to Request No. 15.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

21. All insurance policies, and all tender, acceptance, or reservation-of-rights correspondence, concerning coverage for the claims asserted in this action.

**RESPONSE: BMW FS incorporates by reference its General Objections,**

**including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

22. All DOCUMENTS identified in YOUR responses to Plaintiffs Interrogatories, Set One, and all DOCUMENTS YOU intend to rely on at trial.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, in light of BMW FS's pending Motion to Compel Arbitration and its intention to seek a stay of discovery pending resolution of that Motion, BMW FS will not produce any documents or provide a substantive response to this Request at this time. BMW FS reserves all rights to supplement this response if its Motion to Compel Arbitration is denied or a stay of discovery is not granted.**

///

///

///

///

DATED: November 6, 2026

**HUSCH BLACKWELL LLP**

*/s/ Allison M. Scott*
ALLISON M. SCOTT

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

# PROOF OF SERVICE

*Christian Kameir v. BMW Financial Services NA, LLC, et al.*
Central District Court Case No. 8:26-cv-00895-JWH-JDE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is 355 S. Grand Avenue, Suite 2850, Los Angeles, California 90071.

On November 6, 2026, I served a copy of the within document(s): **DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** as follows:

**BY E-MAIL**: Christian Kameir, 826cv00895jwhjdex@kameir.com; Nicole King, nnking@venable.com; Gabriela Gutierrez-Bravo, GGutierrez-Bravo@Venable.com; Adrian Alba, aalba@tysonmendes.com; Mitchell Malachowski, mmalachowski@tysonmendes.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 6, 2026, at Los Angeles, California.

*/s/ Allison M. Scott*
ALLISON M. SCOTT

# EXHIBIT E

BMW FS responses to Requests for Admission, Set Two (Nov. 19, 2026)

Allison M. Scott (Bar No. 305989)
Allison.Scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Telephone:(213) 337.6550
Facsimile: (213) 337.6551

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTIAN KAMEIR,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., BMW FINANCIAL SERVICES NA, LLC, and STERLING MOTORS, LTD. DBA STERLING BMW,

Defendants.

CASE NO.: 8:26-cv-00895-JWH-JDE

**DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION**

Defendant BMW Financial Services NA, LLC ("BMW FS"), by and through its attorneys, Husch Blackwell LLP, provides the following objections and responses to Plaintiff Christian Kameir's ("Plaintiff") Second Set of Requests for Admission ("Requests") pursuant to Federal Rule of Civil Procedure 36.

BMW FS's Motion to Compel Arbitration [Dkt. 31] remains pending. BMW FS serves these responses without waiving, and expressly reserving, its right to compel arbitration and its right to seek a stay of discovery pending resolution of its Motion to Compel Arbitration.

## GENERAL OBJECTIONS

1. BMW FS's Motion to Compel Arbitration [Dkt. 31] (the "Motion") remains pending before the Court. BMW FS objects to the Requests on the ground that Plaintiff's claims against BMW FS are subject to a binding arbitration agreement, and this action should proceed in arbitration rather than before this Court. BMW FS intends to seek, and has not waived its right to seek, an order staying all discovery as to BMW FS, including these Requests, pending resolution of the Motion. BMW FS expressly reserves, and does not waive, its right to compel arbitration and its right to seek such a stay. Nothing in these responses shall be construed as a waiver of BMW FS's right to arbitrate or to seek a stay of discovery.

2. BMW FS objects to these Requests to the extent that they seek information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege, or constitute materials prepared in anticipation of litigation.

3. BMW FS objects to these Requests to the extent that they seek to impose obligations on BMW FS which are greater than or inconsistent with the obligations imposed by the Federal or Local Rules of Civil Procedure.

4. BMW FS objects to these Requests to the extent that they seek information (a) the production of which is unduly burdensome; (b) beyond reasonable or appropriate time periods or limitations; and (c) which are neither relevant nor

reasonably calculated to lead to the discovery of relevant evidence necessary for the prosecution or defense of the action.

5. BMW FS objects to these Requests to the extent that they are vague or ambiguous, or would unreasonably require BMW FS to speculate on the nature and/or scope of the information sought.

6. BMW FS objects to these Requests to the extent that they assume incorrect premises or inaccurately describe facts or call for legal conclusions.

7. These General Objections are hereby incorporated in the responses to each and every Request. No response to any Request shall be deemed a waiver of any of the General Objections.

8. All responses are made without in any way waiving or intending to waive, but, on the contrary, intending to preserve and preserving, all of these General Objections.

9. To the extent BMW FS produces information in response to a particular Request, such response shall not constitute a waiver of objections relating to competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

10. To the extent BMW FS produces information in response to a particular Request, such response shall not constitute a waiver of BMW FS's right to object on any ground, at any time, to a demand for further responses to these or any other Requests or other discovery procedures involving or relating to the subject matter of these Requests.

11. BMW FS reserves the right to supplement or amend these responses as discovery and its investigation proceed.

Subject to and without waiving the foregoing General Objections, BMW FS responds to Plaintiff's Requests as follows:

**REQUESTS FOR ADMISSION**

28. Admit that the APRIL 20 TOW was provided through BMW Roadside

Assistance as a warranty service.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, after reasonable inquiry, BMW FS lacks knowledge or information sufficient to admit or deny this Request because BMW FS does not operate BMW Roadside Assistance and was not involved in the "April 20 Tow."**

29. Admit that BMW of North America, LLC, and not Plaintiff, paid for the APRIL 20 TOW.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, after reasonable inquiry, BMW FS lacks knowledge or information sufficient to admit or deny this Request because BMW FS does not operate BMW Roadside Assistance and was not involved in the "April 20 Tow."**

30. Admit that the APRIL 20 TOW was not a repossession.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS states it was not involved in the "April 20 Tow" but it does not understand the "April 20 Tow" to have been a repossession. Rather, the Vehicle was repossessed by a repossession agent of BMW FS on September 4, 2025.**

31. Admit that, from April 20, 2025 until the VEHICLE was removed from STERLING's premises, neither Plaintiff nor Yanna Esterleyn had possession of the VEHICLE.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that the term "possession" is vague and**

**ambiguous as to whether it refers to physical custody or access to the Vehicle. Subject to and without waiving the foregoing, BMW FS admits only that the Vehicle was repossessed by a repossession agent of BMW FS on September 4, 2025 from Sterling BMW's premises. BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny the remainder of this Request.**

32. Admit that YOU knew, before September 4, 2025, that the VEHICLE was on STERLING's premises.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, BMW FS admits that it confirmed the Vehicle's presence on Sterling BMW's premises with a Sterling BMW representative on or about August 29, 2025.**

33. Admit that YOU did not need a repossession agent to obtain possession of the VEHICLE.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that the phrase "did not need" is vague and ambiguous and calls for speculation concerning hypothetical means of obtaining possession of the Vehicle. Subject to and without waiving the foregoing, denied.**

34. Admit that the $150.64 "Transportation Charge(s)" stated in the AUCTION BREAKDOWN relates to moving the VEHICLE from STERLING's premises.

**RESPONSE: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied.**

35. Admit that the $220.00 "Storage Fee(s)" stated in the AUCTION

BREAKDOWN relates, in whole or in part, to storage of the VEHICLE on STERLING's premises.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. Subject to and without waiving the foregoing, denied.**

36. Admit that YOU have no condition report for the VEHICLE, prepared when the VEHICLE was removed from STERLING's premises, that records body damage.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that the phrase "body damage" is not defined. Subject to and without waiving the foregoing, BMW FS admits that it possesses a condition report and picture report regarding the September 4, 2025 repossession of the Vehicle, and possesses an invoice for the costs comprising the $5,030.37 of "Body Repair(s)" showing on the auction sale breakdown letter. Answering further, BMW FS admits that the aforementioned condition report and the picture report do not readily depict physical damage to the body of the Vehicle, but that review of the photographs do not constitute a complete examination of the Vehicle. BMW FS otherwise denies the remainder of this Request.**

37. Admit that the body damage for which the AUCTION BREAKDOWN charges $5,030.37 was not present on the VEHICLE on April 20, 2025.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that the phrase "body damage" is not defined. Subject to and without waiving the foregoing, BMW FS was not in possession of the Vehicle on April 20, 2025. BMW FS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to**

**enable it to admit or deny this Request.**

38. Admit that the photographs in EXHIBIT B show no damage to the body of the VEHICLE.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that the phrase "show no damage" is vague and ambiguous as to whether it concerns damage readily apparent in the photographs or the actual condition of the Vehicle. Subject to and without waiving the foregoing, BMW FS admits only that the copies of the photographs in Exhibit B do not depict readily apparent body damage in the views shown. BMW FS does not admit that those photographs depict every portion of the Vehicle or establish that the Vehicle was free of body damage.**

39. Admit that YOU did not notify Plaintiff of any body damage to the VEHICLE before YOU sent the AUCTION BREAKDOWN.

**<u>RESPONSE</u>: BMW FS incorporates by reference its General Objections, including General Objection No. 1 regarding its pending Motion to Compel Arbitration. BMW FS further objects that the phrase "body damage" is not defined. Subject to and without waiving the foregoing, admitted. BMW FS further states that the Lease Agreement does not contain any provision requiring separate advance notice of the body repair charges identified in the auction breakdown letter before such letter was sent to Plaintiff.**

DATED: November 19, 2026 **HUSCH BLACKWELL LLP**

*/s/ Allison M. Scott*
ALLISON M. SCOTT

*Attorneys for Defendant*
*BMW Financial Services NA, LLC*

# PROOF OF SERVICE

*Christian Kameir v. BMW Financial Services NA, LLC, et al.*
Central District Court Case No. 8:26-cv-00895-JWH-JDE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is 355 S. Grand Avenue, Suite 2850, Los Angeles, California 90071.

On November 19, 2026, I served a copy of the within document(s): **DEFENDANT BMW FINANCIAL SERVICES NA, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION** as follows:

**BY E-MAIL**: Christian Kameir, 826cv00895jwhjdex@kameir.com; Nicole King, nnking@venable.com; Gabriela Gutierrez-Bravo, GGutierrez-Bravo@Venable.com; Adrian Alba, aalba@tysonmendes.com; Mitchell Malachowski, mmalachowski@tysonmendes.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 19, 2026, at Los Angeles, California.

*/s/ Allison M. Scott*
ALLISON M. SCOTT

# EXHIBIT F

October 8, 2026 correspondence (response dates; email service)

Gmail **Case Manager <826cv00895jwhjdex@kameir.com>**

## Re: ameir v. Experian et al., No. 8:26-cv-00895-JWH (JDEx)

1 message

**Case Manager** <826cv00895jwhjdex@kameir.com> Thu, Oct 8, 2026 at 2:46 PM
To: "Scott, Allison" <Allison.Scott@huschblackwell.com>
Cc: "Starner, Rebecca" <Rebecca.Starner@huschblackwell.com>, "Scott, Allison" <Allison.Scott@huschblackwell.com>

Dear Ms. Scott,

Thank you. BMW FS's initial disclosures by Monday, October 12, 2026 work for me. Please include the insurance information required by Rule 26(a)(1)(A)(iv), or state that there is none.

On the 21-day extension: yes, on these terms.

1. New dates. BMW FS's responses to the Requests for Admission (Set One) are due Friday, November 6, 2026. Its responses to the Interrogatories and Requests for Production (Set One) are due Monday, November 9, 2026.
2. Firm dates. BMW FS serves its responses on those dates whether or not the Court has ruled on the motion to compel arbitration. Any further extension or stay of these responses needs my written agreement or a court order.
3. Service of the requests. BMW FS treats all three sets as properly served on their original service dates and does not object to them as premature or as served before the Rule 26(f) conference.

Please confirm these terms by reply email. Your confirmation makes this our written stipulation under Rule 29(b).

Separately, I consent to service by email under Rule 5(b)(2)(E) at 826cv00895jwhjdex@kameir.com. If BMW FS also consents, please confirm in writing and list the addresses for service on BMW FS. That saves both sides the mailing.

Thank you,

Christian Kameir
Plaintiff, pro se

On Thu, Oct 8, 2026 at 11:03 AM Scott, Allison <Allison.Scott@huschblackwell.com> wrote:

> Good afternoon, Mr. Kameir,
>
> BMW FS will serve its initial disclosures by Monday in an effort to avoid unnecessary motion practice and expense while its motion to compel arbitration remains pending.
>
> Separately, with respect to the discovery requests you served on BMW FS, including the requests for admission, interrogatories, and requests for production, would you consent to a 21-day extension of BMW FS's deadline to respond to same?
>
> Thank you,
>
> Allison

**Allison Scott**

*(she/her/hers)*

**Partner**

**HUSCH BLACKWELL**

355 South Grand Avenue
Suite 2850
Los Angeles, CA 90071-3100

Direct: 213-356-2946

Fax: 213-337-6551

Allison.Scott@huschblackwell.com

huschblackwell.com

**Financial Services & Capital Markets**

**Labor & Employment**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service.**
**Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon solutions**
**to our clients' most complex challenges.**

Gmail

**Case Manager <826cv00895jwhjdex@kameir.com>**

---

## RE: Kameir v. Experian et al., No. 8:26-cv-00895-JWH (JDEx)

1 message

---

**Scott, Allison** <Allison.Scott@huschblackwell.com> Thu, Oct 8, 2026 at 3:01 PM
To: Case Manager <826cv00895jwhjdex@kameir.com>
Cc: "Starner, Rebecca" <Rebecca.Starner@huschblackwell.com>, "Scott, Allison" <Allison.Scott@huschblackwell.com>

Mr. Kameir,

Confirmed that BMW FS's new deadlines to respond to your discovery requests are as follows:

- BMW FS's responses to Plaintiff's requests for admission due on November 6
- BMW FS's responses to Plaintiff's interrogatories and requests for production due on November 9

BMW FS consents to service by email as well. Please include the following email addresses for service on BMW FS:

- Allison.Scott@huschblackwell.com
- Stacey.Goldberg@huschblackwell.com
- Rebecca.Starner@huschblackwell.com

Thank you,

Allison

**Allison Scott**

*(she/her/hers)*

**Partner**

Direct: 213-356-2946

Allison.Scott@huschblackwell.com

---

**From:** Case Manager <826cv00895jwhjdex@kameir.com>
**Sent:** Thursday, October 8, 2026 2:47 PM
**To:** Scott, Allison <Allison.Scott@huschblackwell.com>
**Cc:** Starner, Rebecca <Rebecca.Starner@huschblackwell.com>
**Subject:** Re: ameir v. Experian et al., No. 8:26-cv-00895-JWH (JDEx)

[EXTERNAL EMAIL]

Dear Ms. Scott,

Thank you. BMW FS's initial disclosures by Monday, October 12, 2026 work for me. Please include the insurance information required by Rule 26(a)(1)(A)(iv), or state that there is none.

On the 21-day extension: yes, on these terms.

1. New dates. BMW FS's responses to the Requests for Admission (Set One) are due Friday, November 6, 2026. Its responses to the Interrogatories and Requests for Production (Set One) are due Monday, November 9, 2026.
2. Firm dates. BMW FS serves its responses on those dates whether or not the Court has ruled on the motion to compel arbitration. Any further extension or stay of these responses needs my written agreement or a court order.
3. Service of the requests. BMW FS treats all three sets as properly served on their original service dates and does not object to them as premature or as served before the Rule 26(f) conference.

Please confirm these terms by reply email. Your confirmation makes this our written stipulation under Rule 29(b).

Separately, I consent to service by email under Rule 5(b)(2)(E) at 826cv00895jwhjdex@kameir.com. If BMW FS also consents, please confirm in writing and list the addresses for service on BMW FS. That saves both sides the mailing.

Thank you,

Christian Kameir
Plaintiff, pro se

On Thu, Oct 8, 2026 at 11:03 AM Scott, Allison <Allison.Scott@huschblackwell.com> wrote:

> Good afternoon, Mr. Kameir,
>
> BMW FS will serve its initial disclosures by Monday in an effort to avoid unnecessary motion practice and expense while its motion to compel arbitration remains pending.
>
> Separately, with respect to the discovery requests you served on BMW FS, including the requests for admission, interrogatories, and requests for production, would you consent to a 21-day extension of BMW FS's deadline to respond to same?
>
> Thank you,
>
> Allison
>
> **Allison Scott**
>
> *(she/her/hers)*
>
> **Partner**

**HUSCH BLACKWELL**

355 South Grand Avenue
Suite 2850
Los Angeles, CA 90071-3100

Direct: 213-356-2946

Fax: 213-337-6551

Allison.Scott@huschblackwell.com

huschblackwell.com

**Financial Services & Capital Markets**

**Labor & Employment**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service.**
**Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon solutions**
**to our clients' most complex challenges.**

# EXHIBIT G

Plaintiff's Interrogatories and Requests for Production, Set One (Sept. 14, 2026)

CHRISTIAN KAMEIR
89 Waldorf
Irvine, CA 92612
Telephone: 949-391-0271
826cv00895jwhjdex@kameir.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN KAMEIR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; BMW FINANCIAL SERVICES NA, LLC; and STERLING MOTORS, LTD. d/b/a STERLING BMW,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 8:26-cv-00895-JWH (JDEx)<br><br>**PLAINTIFF'S INTERROGATORIES TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC, SET ONE**<br><br>Judge: Hon. John W. Holcomb<br>Mag. Judge: Hon. John D. Early |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC, SET ONE

**PROPOUNDING PARTY: Plaintiff Christian Kameir**

**RESPONDING PARTY: Defendant BMW Financial Services NA, LLC**

**SET NUMBER: One**

DEFINITIONS. As used herein: “YOU” and “YOUR” mean Defendant BMW Financial Services NA, LLC and its employees, agents, contractors, attorneys, and affiliates. “STERLING” means Defendant Sterling Motors, Ltd. dba Sterling BMW and its employees and agents. “PERSON” means any natural person or entity. “DOCUMENT” has the broadest meaning permitted by Federal Rule of Civil Procedure 34 and includes electronically stored information. “COMMUNICATION” means any transmission of information by any means. “IDENTIFY,” with respect to a PERSON, means to state the PERSON’s name, title, and business unit; with respect to a DOCUMENT, to state its date, author, type, and present custodian; and with respect to a COMMUNICATION, to state its date, participants, medium, and substance. The “LEASE” means the motor vehicle lease agreement dated March 8, 2025 concerning the 2025 BMW 550e (VIN WBA13FK01SCU15998) leased by Plaintiff, a copy of which is attached to the Declaration of Aaron Kuck [ECF No. 31-2]. The “VEHICLE” means the 2025 BMW 550e that is the subject of the LEASE. “SECTION 4.B” means the provision of the LEASE stating: “THIS LEASE IS SUBJECT TO ASSIGNEE APPROVAL WITHIN TEN DAYS OF EXECUTION. OTHERWISE, THIS LEASE SHALL BE VOID, AND LESSEE SHALL RETURN THE VEHICLE ON DEMAND.” The “X5” means the BMW X5 previously leased in the name of Yanna Esterleyn and left

at Sterling Motors, Ltd. on March 8, 2025. The “ACCOUNT” means the account furnished to consumer reporting agencies concerning Plaintiff under number 4004762825, arising from the LEASE. “CONSUMER REPORTING AGENCY” or “CRA” means Experian Information Solutions, Inc., TransUnion LLC, Equifax Information Services LLC, or any other consumer reporting agency. “ACDV” means an Automated Credit Dispute Verification or any similar dispute notice transmitted through e-OSCAR or otherwise. The “RELEVANT PERIOD” means March 1, 2025 through the present unless otherwise stated.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Christian Kameir requests that Defendant BMW Financial Services NA, LLC answer the following interrogatories separately and fully, in writing and under oath, within thirty (30) days of service.

**INTERROGATORY NO. 1:** IDENTIFY each PERSON who participated in any review, approval, or recording of the assignment of the LEASE to YOU, and state the role of each such PERSON.

**INTERROGATORY NO. 2:** State the date and time at which YOU contend YOU approved the assignment of the LEASE, and IDENTIFY every

DOCUMENT recording that approval, including the system of record in which each record resides and the timestamp of each record.

**INTERROGATORY NO. 3:** Describe the complete path by which the executed LEASE traveled from STERLING to YOU, including the electronic contracting platform used, each date and time of transmission and receipt, and the medium used.

**INTERROGATORY NO. 4:** IDENTIFY the entity referred to as "FSVT" in the Declaration of Aaron Kuck [ECF No. 31-2], and describe the assignment of the LEASE to that entity, including its date, the consideration exchanged, and every DOCUMENT recording it.

**INTERROGATORY NO. 5:** Describe every policy and procedure in effect in March 2025 governing YOUR approval of lease assignments subject to an assignee-approval condition, including how and where approval is recorded and the time within which approval must occur.

**INTERROGATORY NO. 6:** If YOU contend that the condition stated in SECTION 4.B was satisfied, state all facts supporting that contention.

**INTERROGATORY NO. 7:** State each date on which YOU furnished information concerning the ACCOUNT to any CONSUMER REPORTING AGENCY, and for each date, state the substance of the information furnished, including any repossession code, remark, or comment.

**INTERROGATORY NO. 8:** IDENTIFY each PERSON who made, approved, or reviewed the decision to describe the ACCOUNT to any CONSUMER REPORTING AGENCY as a repossession, and state all facts on which that description was based.

**INTERROGATORY NO. 9:** Describe YOUR involvement in the April 20, 2025 return of the VEHICLE and in its retrieval from STERLING's premises on or about September 4, 2025, including each instruction given to Agero, Inc., STERLING, or any transport or recovery vendor, the PERSON who gave each instruction, and the disposition of the VEHICLE after its retrieval.

**INTERROGATORY NO. 10:** IDENTIFY each ACDV or other dispute notice YOU received from any CONSUMER REPORTING AGENCY concerning the ACCOUNT, and for each: state the date received, IDENTIFY each PERSON who handled it, describe each step taken to investigate it, IDENTIFY each DOCUMENT reviewed in the investigation, state the time spent on the investigation, and state the result reported to the CONSUMER REPORTING AGENCY.

**INTERROGATORY NO. 11:** State whether any PERSON reviewed the LEASE, including SECTION 4.B, in the course of responding to any

dispute concerning the ACCOUNT; if so, IDENTIFY each such PERSON and each DOCUMENT reviewed; if not, state why not.

**INTERROGATORY NO. 12:** State each amount YOU contend is or was owed under the LEASE, including the asserted deficiency of $22,725.39 and the disputed charges of $5,706.01, and describe how each amount was calculated, including the source and basis of the $5,030.37 “Body Repair(s)” charge and the $525.00 “Repossession Fee.”

**INTERROGATORY NO. 13:** IDENTIFY all COMMUNICATIONS between YOU and (a) STERLING or (b) Agero, Inc. or any towing, transport, or recovery vendor, concerning the LEASE, the VEHICLE, Plaintiff, or the ACCOUNT.

**INTERROGATORY NO. 14:** State every fact known to YOU concerning TransUnion’s April 24, 2026 deletion of the tradeline concerning the ACCOUNT, and describe every change YOU made to YOUR furnishing to any CONSUMER REPORTING AGENCY after that deletion, including any instruction to Experian Information Solutions, Inc. to delete or suppress the tradeline, the date of each such instruction, and the PERSON who authorized it.

**INTERROGATORY NO. 15:** IDENTIFY each insurance policy that does or may afford coverage for the claims asserted in this action, including the

insurer, policy number, and limits of coverage, and state whether YOU have tendered the claims asserted in this action to any insurer.

**INTERROGATORY NO. 16:** IDENTIFY each PERSON who supplied information for, or participated in preparing, YOUR responses to these interrogatories.

Dated: September 14, 2026

Respectfully submitted,

/s/ Christian Kameir
Christian Kameir
Plaintiff In Pro Per

# PROOF OF SERVICE

I hereby certify that on September 14, 2026, I caused a true and correct copy of the foregoing PLAINTIFF'S INTERROGATORIES TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC, SET ONE to be served by United States Mail, first class, postage prepaid, addressed as follows:

Allison M. Scott
Husch Blackwell LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Counsel for Defendant BMW Financial Services NA, LLC

Gabriela Gutierrez-Bravo
Venable LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Counsel for Defendant Experian Information Solutions, Inc.

Robert C. Jenkins
Manning, Leaver, Bruder & Berberich, LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Counsel for Defendant Sterling Motors, Ltd. dba Sterling BMW

/s/ Christian Kameir
Christian Kameir

CHRISTIAN KAMEIR
89 Waldorf
Irvine, CA 92612
Telephone: 949-391-0271
826cv00895jwhjdex@kameir.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION**

| | |
|---|---|
| CHRISTIAN KAMEIR,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; BMW FINANCIAL SERVICES NA, LLC; and STERLING MOTORS, LTD. d/b/a STERLING BMW,<br><br>Defendants. | Case No. 8:26-cv-00895-JWH (JDEx)<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC, SET ONE**<br><br>Judge: Hon. John W. Holcomb<br>Mag. Judge: Hon. John D. Early |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC, SET ONE**

**PROPOUNDING PARTY: Plaintiff Christian Kameir**

**RESPONDING PARTY: Defendant BMW Financial Services NA, LLC**

**SET NUMBER: One**

DEFINITIONS. As used herein: “YOU” and “YOUR” mean Defendant BMW Financial Services NA, LLC and its employees, agents, contractors, attorneys, and affiliates. “STERLING” means Defendant Sterling Motors, Ltd. dba Sterling BMW and its employees and agents. “PERSON” means any natural person or entity. “DOCUMENT” has the broadest meaning permitted by Federal Rule of Civil Procedure 34 and includes electronically stored information. “COMMUNICATION” means any transmission of information by any means. “IDENTIFY,” with respect to a PERSON, means to state the PERSON’s name, title, and business unit; with respect to a DOCUMENT, to state its date, author, type, and present custodian; and with respect to a COMMUNICATION, to state its date, participants, medium, and substance. The “LEASE” means the motor vehicle lease agreement dated March 8, 2025 concerning the 2025 BMW 550e (VIN WBA13FK01SCU15998) leased by Plaintiff, a copy of which is attached to the Declaration of Aaron Kuck [ECF No. 31-2]. The “VEHICLE” means the 2025 BMW 550e that is the subject of the LEASE. “SECTION 4.B” means the provision of the LEASE stating: “THIS LEASE IS SUBJECT TO ASSIGNEE APPROVAL WITHIN TEN DAYS OF EXECUTION. OTHERWISE, THIS LEASE SHALL BE VOID, AND LESSEE SHALL RETURN THE VEHICLE ON DEMAND.” The “X5” means the BMW X5 previously leased in the name of Yanna Esterleyn and left

at Sterling Motors, Ltd. on March 8, 2025. The "ACCOUNT" means the account furnished to consumer reporting agencies concerning Plaintiff under number 4004762825, arising from the LEASE. "CONSUMER REPORTING AGENCY" or "CRA" means Experian Information Solutions, Inc., TransUnion LLC, Equifax Information Services LLC, or any other consumer reporting agency. "ACDV" means an Automated Credit Dispute Verification or any similar dispute notice transmitted through e-OSCAR or otherwise. The "RELEVANT PERIOD" means March 1, 2025 through the present unless otherwise stated.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Christian Kameir requests that Defendant BMW Financial Services NA, LLC produce for inspection and copying, within thirty (30) days of service, the DOCUMENTS described below, as they are kept in the usual course of business or organized and labeled to correspond to the categories in this request. Electronically stored information is to be produced in a reasonably usable form that preserves metadata, and system audit logs are to be produced in native format. Production may be made by delivery of copies to Plaintiff at the address stated above or by secure electronic transmission to 826cv00895jwhjdex@kameir.com.

**REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS recording YOUR approval of the assignment of the LEASE, including any credit decision, funding approval, or booking record, with all timestamps and system metadata.

**REQUEST FOR PRODUCTION NO. 2:** All system audit logs, workflow histories, and status-change records for the LEASE and the ACCOUNT in each system of record in which they reside, in native format.

**REQUEST FOR PRODUCTION NO. 3:** The complete deal file for the LEASE as received from STERLING, including every version of the LEASE, the credit application, the odometer statement, the delivery report, any trade-in or turn-in documentation, and any electronic signature or thumbprint record.

**REQUEST FOR PRODUCTION NO. 4:** All DOCUMENTS concerning the transmission of the LEASE from STERLING to YOU, including electronic contracting platform records and the audit trail for the executed LEASE.

**REQUEST FOR PRODUCTION NO. 5:** All DOCUMENTS concerning the funding of the LEASE, including the date and amount of any payment to STERLING.

**REQUEST FOR PRODUCTION NO. 6:** All DOCUMENTS concerning the assignment of the LEASE to the entity referred to as "FSVT" in the Declaration of Aaron Kuck [ECF No. 31-2].

**REQUEST FOR PRODUCTION NO. 7:** YOUR policies, procedures, and training materials in effect from January 1, 2025 through the present governing assignee approval of consumer leases originated by dealers, including the time within which approval must occur and how approval is recorded.

**REQUEST FOR PRODUCTION NO. 8:** All COMMUNICATIONS between YOU and STERLING concerning Plaintiff, Yanna Esterleyn, the LEASE, the X5, the VEHICLE, or the ACCOUNT.

**REQUEST FOR PRODUCTION NO. 9:** All COMMUNICATIONS between YOU and Plaintiff or Yanna Esterleyn, including call recordings, call notes, and account notes.

**REQUEST FOR PRODUCTION NO. 10:** All DOCUMENTS concerning the April 20, 2025 return of the VEHICLE, including all COMMUNICATIONS with BMW Roadside Assistance, Agero, Inc., and any transport vendor, and all dispatch, tow, and delivery records.

**REQUEST FOR PRODUCTION NO. 11:** All DOCUMENTS concerning the custody, storage, condition, and location of the VEHICLE from

April 20, 2025 through its sale or other disposition, including the retrieval of the VEHICLE from STERLING's premises on or about September 4, 2025 and any repossession assignment, recovery order, or condition report.

**REQUEST FOR PRODUCTION NO. 12:** All DOCUMENTS supporting each charge stated in YOUR Auction Breakdown letter dated February 24, 2026, including every invoice, estimate, repair order, photograph, condition report, and auction record supporting the $5,030.37 "Body Repair(s)" charge and the $525.00 "Repossession Fee."

**REQUEST FOR PRODUCTION NO. 13:** All DOCUMENTS concerning the sale or other disposition of the VEHICLE, including auction records, sale price, and the calculation of the deficiency balance of $22,725.39.

**REQUEST FOR PRODUCTION NO. 14:** All data YOU furnished to any CONSUMER REPORTING AGENCY concerning the ACCOUNT during the RELEVANT PERIOD, including Metro 2 records, in native format, together with any DOCUMENTS showing the date and content of each furnishing.

**REQUEST FOR PRODUCTION NO. 15:** All ACDVs, automated universal dataforms, direct disputes, and other dispute notices YOU received concerning the ACCOUNT, together with YOUR responses and all DOCUMENTS reviewed or generated in responding to each.

**REQUEST FOR PRODUCTION NO. 16:** All internal notes, memoranda, and COMMUNICATIONS concerning Plaintiff's disputes of the ACCOUNT, including Plaintiff's written rescission, the FTC Identity Theft Report, and the records of the VEHICLE's voluntary return.

**REQUEST FOR PRODUCTION NO. 17:** YOUR policies, procedures, and training materials in effect from January 1, 2025 through the present governing the investigation of disputes received from CONSUMER REPORTING AGENCIES under 15 U.S.C. § 1681s-2(b) and direct disputes from consumers.

**REQUEST FOR PRODUCTION NO. 18:** All DOCUMENTS concerning TransUnion's deletion of the tradeline concerning the ACCOUNT on or about April 24, 2026.

**REQUEST FOR PRODUCTION NO. 19:** All DOCUMENTS concerning any instruction, request, or decision to delete, suppress, or modify the tradeline concerning the ACCOUNT at Experian Information Solutions, Inc., Equifax Information Services LLC, or TransUnion LLC after July 27, 2026.

**REQUEST FOR PRODUCTION NO. 20:** All COMMUNICATIONS between YOU and any CONSUMER REPORTING AGENCY concerning

Plaintiff or the ACCOUNT, other than ACDVs produced in response to Request No. 15.

**REQUEST FOR PRODUCTION NO. 21:** All insurance policies, and all tender, acceptance, or reservation-of-rights correspondence, concerning coverage for the claims asserted in this action.

**REQUEST FOR PRODUCTION NO. 22:** All DOCUMENTS identified in YOUR responses to Plaintiff's Interrogatories, Set One, and all DOCUMENTS YOU intend to rely on at trial.

Dated: September 14, 2026

Respectfully submitted,

/s/ Christian Kameir
Christian Kameir
Plaintiff In Pro Per

## PROOF OF SERVICE

I hereby certify that on September 14, 2026, I caused a true and correct copy of the foregoing PLAINTIFF’S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BMW FINANCIAL SERVICES NA, LLC, SET ONE to be served by United States Mail, first class, postage prepaid, addressed as follows:

Allison M. Scott
Husch Blackwell LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
Counsel for Defendant BMW Financial Services NA, LLC

Gabriela Gutierrez-Bravo
Venable LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Counsel for Defendant Experian Information Solutions, Inc.

Robert C. Jenkins
Manning, Leaver, Bruder & Berberich, LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, CA 90017
Counsel for Defendant Sterling Motors, Ltd. dba Sterling BMW

/s/ Christian Kameir
Christian Kameir

# EXHIBIT H

November 2-3 and November 12-13, 2026 correspondence

Gmail

Case Manager <826cv00895jwhjdex@kameir.com>

## Re: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx)

1 message

**Case Manager** <826cv00895jwhjdex@kameir.com> Mon, Nov 2, 2026 at 5:02 PM
To: "Scott, Allison" <Allison.Scott@huschblackwell.com>
Cc: "Starner, Rebecca" <Rebecca.Starner@huschblackwell.com>, "Scott, Allison" <Allison.Scott@huschblackwell.com>, "Goldberg, Stacey" <Stacey.Goldberg@huschblackwell.com>

Ms. Scott,

Currently I am available for the Local Rule 37-1 call on 11/10 at 11:15 a.m. or 11/12 at 11:30 a.m.
Please confirm one, and I will call your direct line unless you send a dial-in.

To make the call short and useful, here is Plaintiff's position.

1. The agreed deadlines stand. On October 8, BMW FS asked for 21 more days to answer Set One, and I agreed on the condition that BMW FS serve its responses whether or not the Court had ruled on arbitration. BMW FS took the extension on that basis. The new dates are Friday, November 6 (requests for admission) and Monday, November 9 (interrogatories and document requests). BMW FS's Second Set of Requests for Admission, served October 20, is due November 19. The arbitration motion was fully briefed in July, before BMW FS asked for these dates. A planned motion does not change them.
2. A stay saves BMW FS little. Plaintiff's claims against Experian and Sterling go forward in this Court however the arbitration motion is decided. BMW FS's dispute responses, Experian's April 13, 2026 block notice to BMW FS, the account balance, and what happened to the vehicle are central to those claims. Plaintiff will obtain the same information in that part of the case.
3. A proposal to avoid motion practice for both sides and for Judge Early:
(a) Plaintiff moves the December 9 Rule 30(b)(6) deposition of BMW FS to a date at least 30 days after the Court rules on Docket 31;
(b) Plaintiff serves no new written discovery on BMW FS until that ruling; and
(c) BMW FS serves its responses to the pending sets on the agreed dates (November 6, November 9, and November 19), with Bates-numbered documents.

If BMW FS accepts the proposal in point 3 above in writing, there is nothing left to dispute, and we can skip the call.
This keeps BMW FS's cost to work it already agreed to do and takes the deposition off the table for now.

If BMW FS does not accept this, Plaintiff will oppose the motion. Please send any joint stipulation by email.

Best regards,
Christian Kameir

On Mon, Nov 2, 2026 at 11:13 AM Scott, Allison <Allison.Scott@huschblackwell.com> wrote:

> Dear Mr. Kameir,
>
> Attached is a copy of BMW's meet and confer letter regarding its intent to file a motion to stay discovery pending the Court's resolution of the motion to compel arbitration.
>
> Please let us know your availability to meet and confer before we proceed with filing the motion.
>
> Sincerely,
>
> Allison

**Allison Scott**

*(she/her/hers)*

**Partner**

**HUSCH BLACKWELL**

355 South Grand Avenue
Suite 2850
Los Angeles, CA 90071-3100

Direct: 213-356-2946

Fax: 213-337-6551

Allison.Scott@huschblackwell.com

huschblackwell.com

**Financial Services & Capital Markets**

**Labor & Employment**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service.**
**Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon solutions**
**to our clients' most complex challenges.**

Gmail

Case Manager <826cv00895jwhjdex@kameir.com>

# RE: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx)

1 message

**Scott, Allison** <Allison.Scott@huschblackwell.com> Fri, Nov 13, 2026 at 9:52 AM
To: Case Manager <826cv00895jwhjdex@kameir.com>
Cc: "Starner, Rebecca" <Rebecca.Starner@huschblackwell.com>, "Goldberg, Stacey" <Stacey.Goldberg@huschblackwell.com>, "Scott, Allison" <Allison.Scott@huschblackwell.com>

Dear Mr. Kameir,

We joined the call yesterday at 11:30 a.m. and waited until about 11:50 a.m. for you to join. We also did not receive any correspondence from you advising that you could no longer attend.

Given we have a call scheduled on Monday, we will at this to the agenda and plan to cover this as the first topic.

As a reminder, I have only 30 minutes on Monday so we will need to work expeditiously through the meet and confer matters.

Sincerely,

Allison

**Allison Scott**

*(she/her/hers)*

**Partner**

Direct: 213-356-2946

Allison.Scott@huschblackwell.com

---

**From:** Scott, Allison <Allison.Scott@huschblackwell.com>
**Sent:** Tuesday, November 3, 2026 5:52 PM
**To:** Case Manager <826cv00895jwhjdex@kameir.com>
**Cc:** Starner, Rebecca <Rebecca.Starner@huschblackwell.com>; Goldberg, Stacey <Stacey.Goldberg@huschblackwell.com>; Scott, Allison <Allison.Scott@huschblackwell.com>
**Subject:** RE: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx)

Dear Mr. Kameir,

We do not agree to your proposal listed in item 3. We are available on November 12, 2026 at 11:30 a.m. We will send a calendar invite with call in information shortly.

Sincerely,

Allison

**Allison Scott**

*(she/her/hers)*

**Partner**

Direct: 213-356-2946

Allison.Scott@huschblackwell.com

---

**From:** Case Manager <826cv00895jwhjdex@kameir.com>
**Sent:** Monday, November 2, 2026 5:03 PM
**To:** Scott, Allison <Allison.Scott@huschblackwell.com>
**Cc:** Starner, Rebecca <Rebecca.Starner@huschblackwell.com>; Goldberg, Stacey <Stacey.Goldberg@huschblackwell.com>
**Subject:** Re: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx)

[EXTERNAL EMAIL]

Ms. Scott,

Currently I am available for the Local Rule 37-1 call on 11/10 at 11:15 a.m. or 11/12 at 11:30 a.m.
Please confirm one, and I will call your direct line unless you send a dial-in.

To make the call short and useful, here is Plaintiff's position.

1. The agreed deadlines stand. On October 8, BMW FS asked for 21 more days to answer Set One, and I agreed on the condition that BMW FS serve its responses whether or not the Court had ruled on arbitration. BMW FS took the extension on that basis. The new dates are Friday, November 6 (requests for admission) and Monday, November 9 (interrogatories and document requests). BMW FS's Second Set of Requests for Admission, served October 20, is due November 19. The arbitration motion was fully briefed in July, before BMW FS asked for these dates. A planned motion does not change them.
2. A stay saves BMW FS little. Plaintiff's claims against Experian and Sterling go forward in this Court however the arbitration motion is decided. BMW FS's dispute responses, Experian's April 13, 2026 block notice to BMW FS, the account balance, and what happened to the vehicle are central to those claims. Plaintiff will obtain the same information in that part of the case.
3. A proposal to avoid motion practice for both sides and for Judge Early:
(a) Plaintiff moves the December 9 Rule 30(b)(6) deposition of BMW FS to a date at least 30 days after the Court rules on

Docket 31;
(b) Plaintiff serves no new written discovery on BMW FS until that ruling; and
(c) BMW FS serves its responses to the pending sets on the agreed dates (November 6, November 9, and November 19), with Bates-numbered documents.

If BMW FS accepts the proposal in point 3 above in writing, there is nothing left to dispute, and we can skip the call. This keeps BMW FS's cost to work it already agreed to do and takes the deposition off the table for now.

If BMW FS does not accept this, Plaintiff will oppose the motion. Please send any joint stipulation by email.

Best regards,
Christian Kameir

On Mon, Nov 2, 2026 at 11:13 AM Scott, Allison <Allison.Scott@huschblackwell.com> wrote:

> Dear Mr. Kameir,
>
> Attached is a copy of BMW's meet and confer letter regarding its intent to file a motion to stay discovery pending the Court's resolution of the motion to compel arbitration.
>
> Please let us know your availability to meet and confer before we proceed with filing the motion.
>
> Sincerely,
>
> Allison
>
> **Allison Scott**
>
> *(she/her/hers)*
>
> **Partner**
>
> **HUSCH BLACKWELL**
>
> 355 South Grand Avenue
> Suite 2850
> Los Angeles, CA 90071-3100
>
> Direct: 213-356-2946
>
> Fax: 213-337-6551
>
> Allison.Scott@huschblackwell.com
>
> huschblackwell.com

**Financial Services & Capital Markets**

**Labor & Employment**

**Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service.**
**Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon solutions**
**to our clients' most complex challenges.**

From: Case Manager <826cv00895jwhjdex@kameir.com>

Sent: Friday, November 13, 2026, 2:10 PM (Pacific)

To: Scott, Allison <Allison.Scott@huschblackwell.com>

Cc: Starner, Rebecca <Rebecca.Starner@huschblackwell.com>; Goldberg, Stacey <Stacey.Goldberg@huschblackwell.com>

Subject: Re: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx)

Attachments: none

Ms. Scott,

You are right. I missed the November 12 call, and no one told you. That was my error, and I apologize to you, Ms. Starner and Ms. Goldberg for the time you spent waiting.

Thank you for putting BMW FS's motion to stay first on Monday's agenda. I will be on the Teams call at 1:00 p.m. Plaintiff opposes the stay for the reasons in my November 2 email.

Monday now has three items in 30 minutes: BMW FS's motion to stay, Plaintiff's November 6 Local Rule 37-1 letter, and the Local Rule 7-3 conference. So nothing gets cut short, please send two or three times for a follow-up conference during the week of November 16. We can confirm one before Monday's call ends.

Best regards,

Christian Kameir

---- Quoted message ----

On Fri, Nov 13, 2026 at 9:57 AM Scott, Allison <Allison.Scott@huschblackwell.com> wrote:

Dear Mr. Kameir,

We joined the call yesterday at 11:30 a.m. and waited until about 11:50 a.m. for you to join. We also did not receive any correspondence from you advising that you could no longer attend.

Given we have a call scheduled on Monday, we will at this to the agenda and plan to cover this as the first topic.

As a reminder, I have only 30 minutes on Monday so we will need to work expeditiously through the meet and confer matters.

Sincerely,

Allison

Allison Scott, Partner, Husch Blackwell

(Earlier messages of Nov 2 and Nov 3 in this thread are on file in "Question - Missed call 11-12-2026.pdf".)

Archived copy made from the case mailbox on Nov 13, 2026.

# EXHIBIT I

November 16 conference summary; November 18-19, 2026 replies

Gmail

**Case Manager <826cv00895jwhjdex@kameir.com>**

## FW: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx) - Summary of November 16, 2026 Conference

1 message

**Starner, Rebecca** <Rebecca.Starner@huschblackwell.com> Thu, Nov 19, 2026 at 3:26 PM
To: Case Manager <826cv00895jwhjdex@kameir.com>
Cc: "Goldberg, Stacey" <Stacey.Goldberg@huschblackwell.com>, "Scott, Allison" <Allison.Scott@huschblackwell.com>, "King, Nicole N." <nnking@venable.com>, "Gutierrez-Bravo, Gabriela" <ggutierrez-bravo@venable.com>, Adrian Alba <aalba@tysonmendes.com>, Mitchell Malachowski <mmalachowski@tysonmendes.com>

Good afternoon, Mr. Kameir,

Please see my responses below in red.

Best,

Rebecca

**Rebecca R. Starner**

**Senior Associate**

Direct: 202-378-2341

Rebecca.Starner@huschblackwell.com

---

**From:** Starner, Rebecca
**Sent:** Wednesday, November 18, 2026 9:57 PM
**To:** 'Case Manager' <826cv00895jwhjdex@kameir.com>
**Cc:** Goldberg, Stacey <Stacey.Goldberg@huschblackwell.com>; Scott, Allison <Allison.Scott@huschblackwell.com>; King, Nicole N. <nnking@venable.com>; Gutierrez-Bravo, Gabriela <ggutierrez-bravo@venable.com>; Adrian Alba <aalba@tysonmendes.com>; Mitchell Malachowski <mmalachowski@tysonmendes.com>
**Subject:** RE: Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx) - Summary of November 16, 2026 Conference

Hi Mr. Kameir,

I hope all is well. I've been tied up with some other time sensitive matters, but will circle back with a response to your email below tomorrow.

Thank you,

Rebecca

**Rebecca R. Starner**

**Senior Associate**

Direct: 202-378-2341

Rebecca.Starner@huschblackwell.com

---

**From:** Case Manager <826cv00895jwhjdex@kameir.com>
**Sent:** Monday, November 16, 2026 8:21 PM
**To:** Starner, Rebecca <rebecca.starner@huschblackwell.com>
**Cc:** Goldberg, Stacey <Stacey.Goldberg@huschblackwell.com>; Scott, Allison <allison.scott@huschblackwell.com>; King, Nicole N. <nnking@venable.com>; Gutierrez-Bravo, Gabriela <ggutierrez-bravo@venable.com>; Adrian Alba <aalba@tysonmendes.com>; Mitchell Malachowski <mmalachowski@tysonmendes.com>
**Subject:** Kameir v. Experian, et al., No. 8:26-cv-00895-JWH (JDEx) - Summary of November 16, 2026 Conference

[EXTERNAL EMAIL]

Ms. Starner,

Thank you for today's call, which began at 1:00 p.m. Pacific by Teams with you and Ms. Scott for BMW FS. My summary is below. If anything differs from your understanding, please tell me in writing by Wednesday, November 18. Otherwise this summary stands as the record of the conference.

1. BMW FS's Motion to Stay Discovery
- BMW FS will ask the Court to stay all discovery directed to BMW FS until the Court rules on its motion to compel arbitration (Dkt. 31). This includes the pending written discovery, document production, and the December 9 Rule 30(b)(6) deposition. It does not cover discovery involving Experian or Sterling.
- BMW FS will bring the motion as a joint stipulation under Local Rule 37-2. BMW FS will send its portion within a day or two, and in any event this week. Plaintiff will return its portion within the time Local Rule 37-2.2 allows.
- BMW FS has not filed the motion yet.
- Plaintiff opposes the stay. BMW FS declined Plaintiff's November 2 proposal, so that proposal is withdrawn.
- We agreed the conference on this motion is complete.

For clarity: no stay order is in place. BMW FS's responses to Plaintiff's Second Set of Requests for Admission remain due Thursday, November 19, and the December 9 deposition notice stands unless the Court orders otherwise.

We will circulate the joint stipulation today or tomorrow on BMW FS's motion to stay discovery. With respect to the Rule 30(b)(6) deposition, BMW FS maintains that discovery directed to it should be deferred until the Court resolves its pending motion to compel arbitration. BMW FS does not intend to produce a witness on December 9 and requests your agreement to continue the deposition until after the Court rules on BMW FS's forthcoming motion to stay discovery.

2. Local Rule 7-3: Plaintiff's Request for Leave on Dkt. 31
- Plaintiff will ask the Court for leave to submit BMW FS's November 6 responses as supplemental evidence on Dkt. 31.
- The grounds: the lease states it is "subject to assignee approval within ten days of execution." BMW FS denied Admissions 3 and 4, so it says a written, timestamped approval record exists. Yet it has produced no documents other than the lease attached to the Kuck declaration (Admission 5). It describes only a "credit approval" communicated through Sterling (Admission 6). And it says the lease was assigned "immediately upon Sterling BMW's signature" (Admission 7).
- Plaintiff will ask the Court to deny the motion without prejudice, or to order limited discovery (Interrogatories 1 to 4 and Document Requests 1, 2, 4, 5 and 6, within 21 days) and set a trial on contract formation under 9 U.S.C. § 4. For clarity, those are the correct request numbers; I think I may have misstated them on the call.
- BMW FS opposes. Asked whether producing the approval record now makes the request unnecessary, BMW FS declined to produce any documents.
- Since this is not a discovery motion, no joint stipulation applies. Plaintiff will file no earlier than Monday, November 23.

Confirming our discussion that BMW FS is opposed to this forthcoming motion.

3. Local Rule 37-1: Plaintiff's November 6 letter
- Interrogatories 1-16 and Document Requests 1-22: BMW FS will not serve answers or documents by November 23 and stands on its refusal until the Court rules on its stay motion. BMW FS says it is concerned that responding risks waiving its right to arbitrate. We are at an impasse. Plaintiff will send its portion of a joint stipulation under Local Rule 37-2 for a motion to compel.
- The approval record, the support for the $5,030.37 "Body Repair(s)" charge, and which entity held the lease (BMW FS, or "FSVT" as named in the Kuck declaration): BMW FS declines to produce documents or information before the Court rules. Plaintiff will ask the Court to bar BMW FS from later relying on any document or information it withholds now.
- General objections: as promised, these are the objections that use the "reasonably calculated" standard Rule 26(b)(1) dropped in 2015: General Objections 5 and 9 in BMW FS's interrogatory responses, and General Objection 5 in its document request responses. Please tell me by November 23 whether BMW FS withdraws them.
- Requests for Admission. BMW FS will amend:
  - No. 17: to admit that Sterling's inspection record (STERLING_000040-42) reflects no body damage.
  - Nos. 18 and 19: using the period September 4, 2025 through April 14, 2026.
  - Nos. 8, 9, 10 and 12: to state what inquiry BMW FS made, including of the roadside assistance administrator, and why the information it knows or can readily obtain is not enough to admit or deny.
  - No. 22: BMW FS is checking with its client and will respond.
- No date was set for the amended answers. Plaintiff proposes Monday, November 30. Please confirm.

Confirmed BMW FS stands on its objections and non-substantive responses to your first set of interrogatories and requests for production. BMW FS will not provide substantive responses or produce documents in response to those requests by November 23 and maintains its position that further discovery should be deferred pending resolution of its arbitration motion. After you provide your portion of the joint stipulation, we'll include BMW FS's portion of same.

As for the requests for admission, in the interest of avoiding additional motion practice, we will review the issues raised during the conference with our client and see where we can amend our responses. We'll circle back to let you know which responses remain in dispute where BMW FS stands on its existing responses. In light of the upcoming Thanksgiving holiday, we will let you know by November 30 which requests remain in dispute, and we propose December 2 for serving any amended or supplemental responses.

4. Where the vehicle went (informal request, as you suggested)
After Morgan Recovery removed the vehicle from Sterling's premises around September 4, 2025, which auction house sold it, on what date, and for what price? Please also send the auction condition report. Ms. Starner will take this to BMW FS.

I will relay your request to my client.

Regards,

Christian Kameir
Plaintiff, pro se

# EXHIBIT J

Email from counsel for Sterling Motors, Ltd. (Nov. 19, 2026)

Gmail

**Case Manager <826cv00895jwhjdex@kameir.com>**

---

# RE: Kameir v. Experian, No. 8:26-cv-00895-JWH (JDEx) - Local Rule 37-1 letter on Sterling's November 2 responses

1 message

---

**Adrian Alba** <aalba@tysonmendes.com> Thu, Nov 19, 2026 at 11:12 AM
To: Case Manager <826cv00895jwhjdex@kameir.com>
Cc: Mitchell Malachowski <MMalachowski@tysonmendes.com>, Leslie Harris <LHarris@tysonmendes.com>, Amy Smith <amysmith@tysonmendes.com>

Mr. Kameir,

Please allow this email to address your points in turn below

1. As advised telephonically, those objections were asserted as a preservation. And per our previous email, we already agreed to supplement response to request for production of documents number 18.
   a. We already advised you the name of the contracting platform is in the possession of BMW Financial Services, where the vehicle was taken after it left Sterling's premises is also in the possession of BMW Financial Servies, and Sterling's position on a joint request for a settlement conference is still pending response from our adjuster.

2. Interrogatories 1, 6, 7, 9, and its subparts are not related to the primary question. Courts apply the "related question" test, to decide which subparts count separately, asking whether a subpart can "stand alone" independent of the primary question; your request to issue additional requests only further supports our position. However, in the interest of cooperative discovery, we will agree to 10 additional interrogatories. We will not agree to an accelerated response deadline, however. Our responses will be due 30 days after service.

3. No objection.

4. Our position is unchanged. Apart from correcting the Bates ranges, we will not supplement. Our production is responsive to the requests as served.

5. As we have explained, information concerning contracting platform and dealer management system is in the possession of BMW Financial Services, which owns and maintains those systems. Even so, we will confer with our client and amend our response if able.

6. We will supplement our response RPD 17.

7. We agree to conduct the depositions remotely under Rule 30(b)(4). We will identify and designate the appropriate witnesses within five business days of our November 20, 2026, conference call. Your proposed dates do not work for our firm or our clients. We will provide alternative dates for Mr. Strader's deposition during tomorrow's call, and we will provide dates for the remaining deponents once they have been identified.

We look forward to speaking with you tomorrow.

Best,

Adrian Alba

**Associate**

5786 La Jolla Boulevard

La Jolla, CA 92037

**Main**: 858.401.7351

**Direct**: 619.205.2850

aalba@tysonmendes.com
www.tysonmendes.com

*This email and any attachments are from the law firm of Tyson & Mendes, LLP. This email is intended only for the use of the addressee and may contain information that is proprietary, confidential, privileged, or protected by state or federal law. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this email and attachments are prohibited. If you received this email in error, please notify us by reply email immediately so we may arrange for the retrieval of the information.*

---

**From:** Case Manager <826cv00895jwhjdex@kameir.com>
**Sent:** Friday, November 13, 2026 1:48 PM
**To:** Adrian Alba <aalba@tysonmendes.com>
**Cc:** Mitchell Malachowski <MMalachowski@tysonmendes.com>; Leslie Harris <LHarris@tysonmendes.com>; Amy Smith <amysmith@tysonmendes.com>
**Subject:** Re: Kameir v. Experian, No. 8:26-cv-00895-JWH (JDEx) - Local Rule 37-1 letter on Sterling's November 2 responses

Mr. Alba,

Thank you for the summary. November 25 is confirmed for the supplemental responses. Please send the interrogatory answers with a signed verification.

To complete the record of our conference, a few additions.

1. Points the summary leaves out

- Withheld documents (Part A of my letter). Every response asserts privilege and work product. Please state in the supplemental responses whether anything is being withheld, and include a privilege log if so. Rules 34(b)(2)(C) and 26(b)(5)(A).
- Request 18. This one needs more than a Bates range. The response says Sterling never had credit-inquiry records, but STERLING_000195-207 are the March 8, 2025 credit reports. Please amend the response.

Three questions from the call are still open: the name of the contracting platform, where the vehicle was taken after it left Sterling's premises, and Sterling's position on a joint request for a settlement conference. Please answer these by November 18.

2. Interrogatories 1, 6, 7 and 9

Sterling answered all 25 interrogatories on November 2 and raised no objection under the Rule 33(a)(1) limit. The parts Sterling now declines belong to the same question: the role of each person named (No. 1), where the thumbprint form is kept (No. 6), how and to whom the March 8 documents were delivered (No. 7), and who removed the vehicle, on whose instruction, and where it was kept (No. 9). Subparts count as one interrogatory when they are "logically or factually subsumed within and necessarily related to the primary question." Safeco of Am. v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Your suggestion of separate interrogatories still works, and it saves both sides a motion. Please confirm that Sterling stipulates under Rules 29(b) and 33(a)(1) to up to ten additional interrogatories limited to these four subjects, with verified answers 14 days after service. Once you confirm, I'll serve them next week and these four items are resolved.

3. Admission 40

I'll serve a reworded request in plain terms. That resolves No. 40.

4. Requests 11 and 12

My letter asks for nothing new. Request 11 names "lot logs, key logs" in its text. Request 12 names "release form, condition report, and COMMUNICATION with BMW FS or any recovery or transport vendor." Please produce them, or state in the supplemental responses that a diligent search found none.

5. Request 2

If Sterling's supplement to Interrogatory 2 names the platform and its vendor, and says whether Sterling's users can view or print the history for Deal No. 310891, I can get the records from the source and Request 2 falls away.

6. Request 17

You asked for authority. Request 17 is a Rule 34 request for "all insurance policies" and the reservation-of-rights correspondence, and Sterling's response raises no objection that declarations pages are enough. Rule 26(a)(1)(A)(iv) itself covers "any insurance agreement," which courts read as the complete policy. Wolk v. Green, No. 3:06-cv-05025 (N.D. Cal.), Dkt. 137 (ordering production of the complete policy over the same argument). Please produce the coverage forms, endorsements, Items 5 and 6 of the declarations, any renewal policy, and the reservation-of-rights letter.

7. Mr. Strader

One sitting for both roles works and saves Mr. Strader a second day. To set it up:

- The November 18 date is off by agreement, and Sterling produces Mr. Strader on the new date without a subpoena.
- He testifies in his own capacity and as Sterling's designee on Matters 3 through 5. On those matters he speaks for Sterling and prepares on what Sterling knows. Rule 30(b)(6).
- Each role keeps its own time under Rule 30(d)(1) (2000 Committee Note). I expect to finish in one day.
- Sterling names its designees for Matters 1, 2 and 6 through 20 within five days after our November 20 call.
- The deposition is by remote video with a stenographer. Please confirm Sterling's stipulation under Rule 30(b)(4).
- Dates: Wednesday, December 2; Thursday, December 3; or Thursday, December 10, at 9:30 a.m. Pacific. Please hold one and confirm it on our November 20 call.

The list of matters Sterling objects to, with the reason for each, was due today. Please send it by Tuesday, November 17, so the November 20 call stays short.

8. Next step

Whatever remains open after the November 25 supplement goes into one joint stipulation under Local Rule 37-2. If anything here differs from your notes, please tell me in writing by Wednesday, November 18.

Regards,
Christian Kameir
Plaintiff, Pro Se

On Fri, Nov 13, 2026 at 8:32 AM Adrian Alba <aalba@tysonmendes.com> wrote:

Mr. Kameir,

It was a pleasure speaking with you yesterday. Please allow this email to memorialize our conversation regarding Sterling's discovery responses, and the deposition of Mr. Strader.

**Requests for Admission**

- **Nos. 10, 15, 30, 32, and 38:** We will supplement.
- **No. 40:** We will not supplement. The request does not define intention to relinquish or communicated, so it cannot be answered as written.

**Interrogatories**

- **Nos. 11–13, 16–23, and 25:** We will supplement.
- **No. 2:** Our clients have advised that they have no further information, but we will confirm with them. We can also supplement to describe the process by which Sterling submits information to the BMW Financial Services platform.
- **No. 24:** We will revisit this interrogatory with our clients and can provide more detail in the supplemental response.
- **No. 1:** We will not supplement. The interrogatory is impermissibly compound. If you want the additional information, please serve a separate interrogatory.
- **No. 6:** We will not supplement beyond identifying the referenced document. We have already given the reason requested, and we will supplement to identify the document, but we will not answer three questions in one interrogatory. If you want the additional information, please serve a separate interrogatory.
- **No. 7:** Same position as No. 6. We will answer the part concerning transmission of the lease, but we will not answer three questions in one interrogatory.
- **No. 9:** We answered this interrogatory fully and will not answer the sub-questions. As a courtesy, if you prefer, we will supplement so that the Bates range cites only the work order.

**Requests for Production**

- **Nos. 1, 3, 4, 6, 16, 18, 19, and 20:** We will supplement to provide more accurate Bates ranges.
- **No. 2:** We will not supplement. The documents you seek are housed on the BMW Financial Services platform.
- **No. 7:** We will supplement to correct the Bates range. We have produced what our clients gave us, and we will confirm with them whether additional documents exist. If they do, we will produce them.
- **No. 9:** We will supplement to also reference the tow records in our possession. Beyond that, we have produced what we have.
- **Nos. 11 and 12:** Apart from correcting the Bates ranges, we will not supplement. Our production is responsive to the requests as served, and your letter seeks documents that were not included in the original requests.
- **No. 14:** Our clients have advised that no written policies exist. We will confirm with them and will supplement if any are located.
- **No. 17:** We will supplement to correct the Bates range. We produced the declaration pages, which provide the information required under Rule 26(a)(1)(A)(iv). If you have case law supporting production of the entire policy, please send it and we will review it.

We agreed the supplemental responses will be provided by November 25, 2026.

**Regarding Mr. Strader's deposition**, we advised that we expect Mr. Strader to be the witness best positioned to address Matters 3 through 5. In the interest of efficiency and to avoid duplicative sessions, we propose deposing Mr. Strader a single time, in both his individual capacity and as the person most knowledgeable on those matters. Because the scope of his designation depends on the matters we finalize during our call, that deposition would need to be scheduled to follow the 20th. Please advise as soon as possible.

Best,

Adrian Alba

**Associate**

5786 La Jolla Boulevard

La Jolla, CA 92037

**Main**: 858.401.7351

**Direct**: 619.205.2850

aalba@tysonmendes.com
www.tysonmendes.com

*This email and any attachments are from the law firm of Tyson & Mendes, LLP. This email is intended only for the use of the addressee and may contain information that is proprietary, confidential, privileged, or protected by state or federal law. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this email and attachments are prohibited. If you received this email in error, please notify us by reply email immediately so we may arrange for the retrieval of the information.*

---

**From:** Case Manager <826cv00895jwhjdex@kameir.com>
**Sent:** Tuesday, November 10, 2026 7:20 AM
**To:** Adrian Alba <aalba@tysonmendes.com>
**Cc:** Mitchell Malachowski <MMalachowski@tysonmendes.com>; Leslie Harris <LHarris@tysonmendes.com>; Amy Smith <amysmith@tysonmendes.com>
**Subject:** Re: Kameir v. Experian, No. 8:26-cv-00895-JWH (JDEx) - Local Rule 37-1 letter on Sterling's November 2 responses

Mr. Alba,

Confirmed: Thursday, November 12, 2026, at 10:00 a.m. Pacific for the Local Rule 37-1 conference, and Friday, November 20, at 12:30 p.m. Pacific for the Rule 30(b)(6) conference. I will call your direct line, 619-205-2850, unless you send a dial-in.

Regards,
Christian Kameir
Plaintiff, Pro Se

On Wed, Nov 4, 2026 at 12:55 PM Adrian Alba <aalba@tysonmendes.com> wrote:

> Christian: we can be made available November 12, at 10:00 a.m. PST to meet and confer with respect to your Rule 37-1 letter. We can also be made available November 20, at 12:30 p.m. PST for the Rule 30(b)(6) conference. Thank you.
>
> Best,

Adrian Alba

**Associate**

5786 La Jolla Boulevard

La Jolla, CA 92037

**Main**: 858.401.7351

**Direct**: 619.205.2850

aalba@tysonmendes.com
www.tysonmendes.com

*This email and any attachments are from the law firm of Tyson & Mendes, LLP. This email is intended only for the use of the addressee and may contain information that is proprietary, confidential, privileged, or protected by state or federal law. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this email and attachments are prohibited. If you received this email in error, please notify us by reply email immediately so we may arrange for the retrieval of the information.*

---

**From:** Case Manager <826cv00895jwhjdex@kameir.com>
**Sent:** Monday, November 2, 2026 6:06 PM
**To:** Mitchell Malachowski <mmalachowski@tysonmendes.com>; Adrian Alba <aalba@tysonmendes.com>
**Cc:** Leslie Harris <lharris@tysonmendes.com>; Amy Smith <amysmith@tysonmendes.com>
**Subject:** Kameir v. Experian, No. 8:26-cv-00895-JWH (JDEx) - Local Rule 37-1 letter on Sterling's November 2 responses

Mr. Malachowski and Mr. Alba,

Attached is Plaintiff's Local Rule 37-1 letter on Sterling's November 2 responses. It lists each disputed request with Plaintiff's position and the authority.

The Court requires a telephone or in-person conference (Dkt. 27). Plaintiff is available by phone on Tuesday, November 10, at 2:00 p.m.; or Thursday, November 12, at 10:00 a.m. Pacific.
Please confirm one of these times or suggest another within the ten-day period.

If Sterling serves amended responses and the additional documents by Monday, November 16, most of the points will fall away and the call can be short.

Best regards,

Christian Kameir
Plaintiff, pro se
89 Waldorf
Irvine, CA 92612